WHIDDEN v. DAVIDSON.

[83 South. 178, In Banc.  No. 20857.]

1. EVIDENCE. *Admissibility of parol evidence to show waiver of security.*

Where plaintiff sold an automobile and by written contract retained title until the automobile should be paid for, and his vendee sold the automobile to defendant, and plaintiff brought an action of replevin for the automobile, it was competent for the defendant to show that plaintiff had authorized his vendee to sell the machine, since such testimony was not a varying of a written contract by parol, but was offered to show a waiver of his security by the plaintiff.

120 Miss.—49

2. SAME.

> In such case where there was a dispute as to whether or not plaintiff had authorized the sale by his vendee, this question should have been submitted to the jury.

Appeal from the circuit court of Lamar county. HON. A. E. WEATHERSBY, Judge.

Replevin by G. W. Davidson against Allen Whidden. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*C. V. Hathorn* and *W. J. Hatten,* for appellants.

We say that the contract introduced in this case could be afterwards varied or modified by parol, even between the parties thereto, and certainly would this be true as between one of the parties thereto, the one who held title to the property and a prospective purchaser and again especially would this be true where the parol agreement has been executed or acted upon.

Second: We say that the facts which appellant offered to prove did not tend to show a modification of the terms of the written agreement between Davidson and Shows, but went to establish a new agreement or contract between appellee (Davidson) and Davis to the effect that he (Davis) could buy the car from Shows and that it would be entirely satisfactory with Davidson.

Taking up first the modification, or variance of a written contract by oral or parol agreement. 13 C. J., page 593, par. 609; "A written contract, may in the absence of statutory provision requiring a writting, to be modified by a subsequent oral agreement," and citing under this rule *Johnson* v. *McFry* (Ala.), 68 So. 717, which holds "parties are at liberty to alter or modify, at pleasure, the terms of a written contract between themselves, so long as it is executory, with or without writing, and

without any new consideration for the change other than that of mutual assent.''

In the case of *Roquemore* v. *Vulcan Iron Works etc.*, 44 So. 557, (Ala.), the court again says: ''it is also true that a written contract in a case where the law does not require the contract to be in writing, may be modified or changed by a subsequent parol agreement.''

Our courts even go so far as to say that a parol agreement, when acted upon or executed, can be, and is effective to modify or vary the terms of contracts required to be in writing. 13 C. J., page 595, par. 614, announces the rule to be, ''And in this country, it is almost universally held that when a contract under seal has been rescinded or modified or altered by a subsequent parol agreement, and this new agreement has been executed, the parol agreement may be shown in an action on the sealed instrument.''

In the case now before the court, the parol or new agreement, whereby appellee agreed with Davis, and Shows that Shows might sell the car to Davis and that Davis might buy the car, although parol, has been fully acted upon or executed, according to the terms of the parol agreement, and is therefore under the holding of practically all the courts of this country, and certainly of Mississippi, valid and binding, appellee would not be permitted to verbally agree for Davis to buy the car, and then stand by and see Davis and Shows execute the oral agreement and then several months afterwards be heard to repudiate the executed oral agreement, on the strength of his written agreement, even though it was such an agreement as ordinarily would be required to be in writing, as the statute of frauds, and the like, which however is not the case here, as there is no statutory requirement that any of the agreements before the court in this case should be in writing. The principle announced above would certainly apply in the case at bar.

Then, too, the same principle of law would apply in the instant case as does in the case of Chattel Mortgages, the contract exhibited really being nothing more than a chattel mortgage, and in fact being treated as such as may be seen from a reading of his judgment in the case, which merely gives him a claim against the car for the amount due him, one hundred and twenty-two dollars and fifty cents. Under appellee's contention, if this were a chattel mortgage instead of a retention title note or contract, the mortgagee could not give permission, verbally, for the mortgagor to sell the mortgaged property because the mortgage lien was evidenced in writing. This however, is not the law. 11 C. J., page 685, par. 463, states the rule to be, "When the parties to a chattel mortgage, before condition broken agree to an immediate sale of the mortgaged property, the mortgagee agreeing to look to the proceeds of the sale, for his security the property is thereby released from the mortgage and again C. J. 11, page 690, par. 472, "Although the mortgage is under seal and the debt unpaid, a parol agreement for the release of a chattel mortgage is sufficient and no formal discharge need be executed in the absence of a statute requiring such formalities" and under the above *corpus juris* cites the case of *House* v. *Fultz*, 13 S. & M. (Miss.) 39, where we find this rule laid down: "No writing is necessary to pass title to personal property; and where the grantor, the grantee and the trustee, all agree that the deed of trust shall be considered as discharged and the title to the property vested in the grantor, proof of that fact will put an end to the deed of trust, and as between the parties, pass the title of the property according to the terms of the agreement and this case like the case now before the court was a replevin suit over the possession of a slave. *Catlett* v. *Stokes* (S. D.), 110 N. W. 84, *Zeigler* v. *Ilfield*, Ann. Case, 1913D., page 584; Jones on Chattel Mortgages, sec. 465; Jones on Chattel

Mortgages, sec. 457. In the case of *Hangen* v. *Hachmies-ter*, 11 Am. St. Rep. 691, the court says: As we have seen, the agreement may be a tacit understanding; it may be proved by parol, or it may be inferred from the fact that the sales were permitted by the mortgagor.''

Certainly if appellee could have sold the car to Davis by parol he could have consented by parol for Shows to sell it to Davis, and this was what appellant attempted to prove, both by the witness Davis and Mrs. Davis, and by appellee on his cross-examination.

Now addressing ourselves to our second proposition, we say that even though the contract introduced by appellee could not be varied or modified by parol, we contend that the agreement which appellant offered to show was an entirely new agreement between appellee and Davis, whereby Davis was given permission by appellee to purchase the car which he had contracted to sell Shows, who was not necessarily a party to it, yet as between appellee and Davis it would certainly be binding on appellee, and especially after the parol agreement between appellee and Davis had been executed by Shows actually selling Davis the car in pursuance to the parol agreement between Davis and appellee, and actually delivering it to him. 13 C. J., page 595, par. 615. ''An agreement, when changed by the mutual consent of the parties becomes a new agreement, which takes the place of the old and consists of the new terms and as much of the old agreement as the parties have agreed shall remain unchanged. Where a written contract is modified verbally the entire contract becomes an oral one.''

We contend that the case should have gone to the jury even on the admitted testimony and the fact that appellee knew that Davis bought the car from Shows, at the very time he bought it, an knew that Davis sold the car to appellant, and waited five months before attempting to assert his right to the possession of the car.

And certainly if he did give permission for it to be sold he could not now recover possession of the car. If appellee was trying to impress a vendor's lien upon the car he might have some standing here, but the court is to bear in mind that this is a suit for possession of the car under his written contract with Shows and not an effort to impress a lien on the car, and yet his very judgment shows that he is only attempting to recover what is due him on the car and not to recover the car, showing that he looks upon the contract merely as a chattel mortgage.

The court can readily see that the case was tried by the learned circuit judge, absolutely upon a misconception of the law as his statements in the record clearly shows, and his taking this unexpected position must have operated as so great a surprise to us that we overlooked having our witnesses answer some of the questions propounded them, so this court might know what their testimony would be, but even the answers that were made and then ruled out by the trial court would and does entitle us to a reversal in this case.

Taking the entire record, and viewing it as a whole, and considering that it was tried all the way through on an erroneous theory as to the law applicable to the case, it is clear to us that the case ought to be reversed and tried on it merits, and on a correct conception of the law, and we think this court should, and will reverse the case for a new trial.

*J. T. Garroway,* for appellee.

The alleged waiver of Davidson, which he denied was not supported by any consideration at all, and was *nudum pactum* and was not binding upon him if he made the declaration. If he made an attempt to waive any right he had on the car reserved in the written instrument and afterwards withdrew his waiver to the prejudice of another party, the measure of his liability

if any, would be an action of deceit against him. The right of Davidson in and to the car could only be' parted with by release in writing or by an agreement between him and Shows founded on valuable consideration. *Young* v. *Powers*, 41 Miss. 197. The only exception to this rule that we are aware of is that of an executed. gift.

· Debts to be released by a gift must be in writing and the creditor by the act must place the same beyond his legal control or dominion, *Clayton* v. *Clark*, 74 Miss. 499, 21 So., 565, 37 L. R. A. 711, 60 A. M. St. Rep. 521. The court says in its opinion, that testimony of the alleged release was objected to and that it was inadmissible because it varied the terms of the original contract between appellee Davidson and Shows, while we think that the written contract would show that there is a provision in it that there should be no subsequent modification unless in writing, still the objection was made and sustained on the theory principally that Davidson's alleged release of his rights in and to the property was utterly without consideration. We think that objection is sound unless the case of *Young* v. *Powers*, 41 Miss. 197, is to be overruled. There does not seem to be any deviation from the rule there laid down, and it is in harmony with the weight of authority on that proposition.

It is stated in the 34 Cyc., page 1048, that a release must either be under the seal of the releasor or be supported by sufficient consideration otherwise it is *nudum pactum* and void. Mere voluntary declarations made by a creditor that a debtor is discharged and released do not bind him, and again on page 1049, release under seal is good without any consideration whatever since the abolition of seals on private instruments, we take it that if the release was written and acted upon tho it had no consideration yet it would be

·binding on the releasor. An agreement by one person to discharge another from the obligations of a written contract as a matter purely *ex gratua* and in the nature of a donation would be of no binding validity as a mere executory agreement and to be effectual must be fully executed by an active release surrendered of the contract in writing. *Thuston* v. *Ludwig,* 68 Am. Dec. 328.·

It is an old rule of the common law that every contract ought to be dissolved by matter of as high nature as that which made it obligatory and the obligation is not made void, but by a release. Broom's Legal Maxims, p. 679.

HOLDEN, J., delivered the opinion of the court.

This is a replevin suit instuited by G. W. Davidson, appellee, to recover possession one Ford car from Mrs. Alice Whidden, appellant. A reversal is sought here upon the ground that the lower court erred in refusing to allow appellant to show that the appellee, Davidson, had waived his right to the possession of the car, and in granting a peremptory instruction for the appellee.

The record in the case discloses that appellee, Davidson, contracted to sell the car to one J. P. Shows for one hundred and seventy-five dollars cash and the balance evidenced by note, the seller retaining title to the car to secure payment of the balance of the purchase money. Some months afterwards when the balance of the purchase money had been paid by Shows except one hundred and twenty-two dollars one Albert Davis purchased the car from Shows, and later sold it to the appellant, Mrs. Alice Whidden. Five months after the appellant bought the car from Davis; this replevin suit was entered. At the trial appellant offered to show by credible testimony that the appellee, Davidson, consented to the sale of the car by Shows to Davis. This testimony was objected to, and the objection was sustained by the court, presumably upon the ground that

it was inadmissible because it varied the terms of the original written contract between appellee, Davidson, and Shows. A peremptory instruction for the appellee was granted following the exclusion of this testimony.

The right of possession to the car, of course, is the question involved. If the appellee expressly consented that Shows could sell and deliver the car to Davis, and Davis acted upon this consent, then the appellee waived his right of security against the car in the hands of Davis or his vendee, appellant, for the balance of the purchase money. The action of appellee, Davidson, in agreeing to the resale and stating to Davis that it would be all right for Davis to go ahead and purchase the car, authorized the sale and amounted to a relinquishment of appellee's security in the car for the balance of the purchase money as against Davis and his subsequent vendee, the appellant, Mrs. Whidden. It is not a case where parol testimony is offered to vary the terms of the written contract, but one where proof is offered to show that the seller under the retention of title contract expressly agreed to waive and forego his right of security and possession in the car. It is equivalent to a subsequent modification of the contract afterwards acted upon by a third party. The court erred in excluding the testimony offered by appellant.

The record shows that the appellee, Davidson, denies that he relinquished his security and consented to the sale and delivery of the car to Davis. This denial brings about a conflict in the testimony which should have been submitted to the jury for their determination. If the appellee waived his right of security in the car, as the appellant offered to prove below, he still has his claim against Shows, the maker of the note, but not against the car in the hands of a third party who obtained and acted upon the authority of the appellee to purchase and possess the car.

*Reversed and Remanded.*