COMMERCIAL CREDIT CORP. *v.* LONG

No. 39763 October 24, 1955 82 So. 2d 847

*Snow & Covington,* Meridian, for appellant.

*A. J. Reese,* Quitman, for appellee.

ETHRIDGE, J.

Appellant, Commercial Credit Corporation, filed this suit in replevin in the Circuit Court of Clarke County against appellee R. B. Long, for the possession of a three-yard water level dump body, for a truck, valued at $300.00. Appellant claimed the right of possession as assignee of a conditional sale contract to appellee which covered both a truck and a dump body. Appellee as conditional vendee contended that appellant released the dump body from the terms of the conditional sale contract, and offered parol evidence to support that defense. The jury rendered a verdict for appellee.

The property which was sold to Long consisted of both the truck and the dump body, which were described separately. But when Long transferred the truck minus the dump body to King about five weeks later, the transfer of interest agreement, which was executed by appellant, Long and King, described only the truck and not the dump body. Appellant argues that parol evidence could not vary the terms of this instrument. However, it did not relate to the dump body, but only to the truck. Although Long agreed to remain personally liable for the debt along with the transferee, the transfer agreement made no reference whatever to the dump body. So the admission by the trial court of parol evidence, tending to establish the fact that appellant waived its lien in part and released from the conditional sale contract the dump body, did not vary any contemporaneously executed instrument. Such evidence simply modified the sale contract which was executed about five weeks before that. There was a conflict in the evidence as to whether appellant had so agreed, and this was a question for the jury.

The rule that a written contract can not be changed or modified by parol evidence of what was agreed by the parties at the time of making the contract does not preclude the subsequent parol modification of a written contract, provided it is not one which must be in writing under the statute of frauds. Nor does it pre-

clude an oral agreement to waive or modify a particular provision in a written contract. Nason v. Morrissey, 218 Miss. 601, 67 So. 2d 506 (1953). █ A contract of sale may be modified by agreement of the parties as to any of its provisions, terms or conditions, such as the subject matter thereof. This modification may be by oral agreement. The person asserting it has the burden of proof, but on conflicting evidence whether or not a contract of sale has been changed, modified, or replaced by a new agreement ordinarily is a question of fact for the jury. 77 C. J. S., Sales, Sections 83-87.

In Whidden v. Davidson, 120 Miss. 769, 83 So. 178 (1919) it was held that parol evidence offered by a conditional vendee of a car to show that the vendor had waived his lien on it by subsequent oral agreement was admissible; that this was equivalent to a subsequent modification of the contract; and that on conflicting evidence the issue should have been submitted to a jury. See also Cragin v. Eaton, 133 Miss. 151, 97 So. 532 (1923). Hence on conflicting evidence here the trial court properly submitted to the jury the question of whether appellant and appellee by oral agreement subsequent to execution of the conditional sale contract modified that contract so as to release from its terms the dump body involved in this replevin action.

Affirmed.

*Lee, Kyle, Holmes* and *Arrington, JJ.,* Concur.