## WALKER BROS. & CO., LIMITED, *v.* DAGGETT.

### [76 South. 569, Division B.]

1. FRAUDS, STATUTE OF. *Oral contract. Validity.*

   Under Code 1906, section 4779, so providing, a verbal contract for the sale of goods is binding on the purchaser where he accepts and pays for a part of the same and he cannot cancel the order as to the balance of the goods though the contract is not in writing.

2. FRAUDS, STATUTE OF. *Delivery to carrier.*

   The delivery of goods to a common carrier consigned to the purchaser is a delivery to the purchaser of such goods.

3. SALE. *Breach. Remedies.*

   Where a part of a bill of goods verbally ordered was accepted and paid for by the purchaser, but before the balance of the goods were shipped, the purchaser notified the seller that he would not accept or pay for the balance of the goods, in such case the seller had the right to ship the goods and recover for the same and was not bound to sell the goods and sue for the difference between the price realized at such sale and the contract price.

ON MOTION TO REMAND.

4. SAME.

   In such case where, after judgment in the court below and pending an appeal to the supreme court, the seller had the goods involved in the suit and tendered to the buyer, removed from the warehouse of the common carrier, and returned to them and converted said goods to their sole use and benefit without the knowledge or consent of the buyer, the supreme court on motion will set aside its order entering judgment in that court and reverse and remand the cause.

APPEAL from the circuit court of Jackson county.

HON. J. H. NEVILLE, Judge.

Suit by the Walker Bros. & Co., Limited, against Wm. A. Daggett. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*H. W. Guatier,* for appellant.

It is a well recognized rule that delivery to a common carrier in the ordinary course of business constitutes delivery to the purchaser and in this case purchaser order-ed the goods F. O. B. New Orleans, which was an instruc-tion to the appellant to deliver same to the carrier. The supreme court of Mississippi in the case of *Planters' Oil Mill Co.* v. *Falls,* reported in 29 So. 786, has stated this rule as follows: "As between seller and buyer, goods ordered of the seller by the buyer are to be considered as delivered to the latter when they are delivered to a com-mon carrier for transportation to him."

We do not contend that the seller (appellant) was com-pelled to follow but one course but that he had his choice of three courses; he may complete the contract on his part and sue for the contract price, or he may treat the contract as ended, retain the property and sue for the dif-ference between the market value and the contract price, or he may sell all property at public or private sale for the best price he can obtain and sue for the difference between the price realized and the contract price. In this case the appellee contends that appellant had no legal right to fol-low the course he selected but that he should have sued for damages incurred by the purchaser's breach of the contract after he (the appellant) retained the goods. Ap-pellee was wrongfully sustained in this contention by the lower court, in the case of *Crawford* v. *Avery,* 35 Miss. 205, the court said: "again; it is insisted, that under the facts stated in the declaration, the action could not be maintained for the price of the gin but that at all events, it should have been brought to recover damages for the non-performance of the special contract of the de-fendant. It is undoubtedly true, as a general rule, that if the seller is ready and offers to deliver the article as agreed to be furnished at the time and place stipulated in the contract, and the other party refused to accept it, the vendor may recover the price agreed to be paid."

This decision, we contend clearly sets down the rule to be followed in this case for in this appellant chose the first of the three remedies. He completed his part of the contract and sued for the contract price and this remedy has been positively allowed him by the courts of Mississippi.

In *American Cotton Co.* v. *Herring,* reported in 84 Miss. 693, the court lays down this rule in the following language towit: "The rule seems to be settled that there are three methods of arriving at a proper measure for damages on a breach of a contract of this kind: (1) the seller may complete the contract on his part and recover the contract price; (2) he may treat the contract as ended, retain the property as his own and sue for the difference between the market value of the cotton and the contract price; (3) he may sell the cotton at public or private sale, for the best price he can obtain and sue for the difference between the price realized and the contract price.

This rule is set forth in Benjamin on Sales (6 Ed.), pp. 744, 776, and also in Tiedman on Sales, sec. 333, et seq.

The appellant in this case elected to complete his part of the contract he delivered the underwear to the carrier as directed by the appellee and then sued for the contract price and his action in so doing has been upheld by the supreme court of the state of Mississippi in cases cited in this brief and I have been unable to find a Mississippi case which held otherwise.

*H. B. Everitt,* for appellee.

It is a well-settled rule of law in cases of this kind, that a buyer may not breach his contract without paying the penalty or the price as the case may be; if the goods are delivered to the buyer, the seller has a right to sue for the price in spite of the refusal on the part of the buyer to receive or accept, when that is the breach of the contract complained of. But when the order is countermanded before the goods are shipped

or delivered there is immediately a breach of contract and the seller may sue for his damages occasioned by such breach, but under the rule that one damaged by breach of contract may not thereafter increase his damage and claim such increased damage and he cannot sue for the purchase price of the goods without delivery. A case directly in point is that of *Sinka* v. *Chatham et al.,* 2 Tex. Civ. App. 312, 21 S. W. 948, which was decided by the supreme court of Texas in 1893. Citing the cases of *Tufts* v. *Lawrence,* 77 Tex. 526, 14 S. W. 165, and *Gammage* v. *Alexander,* 14 Tex. 419. See Southerland on Damages, 359; see, also, Southerland on Damages, 361; *Falk* v. *Richardson,* a Florida case reported 47 So. 666.

The rule as to the measure of damages in this case is quite clearly explained in case of *Roehm* v. *Horst,* 178 U. S. 1221, 20 Sup. Ct. 780, 788, 44 L. Ed. 953 and *Hopkinville Milling Co.* v. *Gwin et al.* (Ala.), 50 So. 270, and same case again before that court in 67 So. 382, where the court states the rule to be in a case much like this; in fact, the court saying where a buyer repudiates the contract and refuses to receive and accept the goods, the measure of damages is the difference between the contract price and the market value of the goods at the time and place of delivery.

It was insisted in the lower court that the goods in this case were delivered by delivery to the carrier and authorities were cited to the effect that where such delivery was made by way of making an actual delivery to the purchaser, the seller may sue *in assumpsit* for the contract price but the court very properly held that the attempt to make delivery of these goods by delivery to the carrier after the order was repudiated was not only a wrongful increase of damage by the seller but was not a delivery to the purchaser.

I find very few cases of litigation over a state of facts like those in this case in all of the great volume of business that is done in this country by orders taken and filed, changed and countermanded just as was done here. It is

manifest that as a business proposition there is nothing to be gained by such an attempt to enforce such contracts by such method. It is true the seller may in such case sus-tain some damage but where the goods are not to be man-ufactured but are kept in stock and it is merely a matter of delivery, the damage to the seller occasioned by a coun-termand of such order is merely nominal. But if the seller be disposed to be spiteful or vengeful in spirit, it would often occur in such case, even where he had suffered no damage at all, to inflict upon his customer very heavy loss and damage. In casting about for a just rule of law to be applied to such a situation, it is perfectly manifest that the rule for keeping damage down devolving upon the seller in such cases, would present an effective barrier for the protection of an unfortunate buyer against the in-fliction upon him of needless damage, and at the same time having due regard for the rights of the seller in the mat-ter of his damages actually incurred. In other words in such cases the seller must stop where he is and accept the damage due him at that time and under conditions then existing and by this rule the best interest of business and society will be conserved.

ETHRIDGE, J., delivered the opinion of the court.

Walker Bros. & Co., Limited, is a corporation under the laws of Louisiana engaged in the mercantile business in the city of New Orleans. On or about the 12th day of March, 1915, through its salesman, appellant sold a bill of goods to the appellee Daggett, the goods to be shipped at different times f. o. b. New Orleans; the order being ver-bally given and not signed in writing. A portion of the goods were delivered and accepted by Daggett, but the goods involved in this litigation, amounting to ninety-eight dollars and forty cents, were delivered to the Louis-ville & Nashville Railroad at New Orleans and sent to Pascagoula, Miss., consigned to the appellee, who refused to take the goods from the depot or pay for them. It ap-pears from the correspondence that the appellee under-

took to cancel that part of the order involved in this suit,. but the appellee refused to cancel the order and shipped the goods as per contract. Defendant refusing to take the goods or pay for them, suit was brought in a justice court and judgment rendered for the appellant. The case was appealed by the appellee to the circuit court, where a jury was waived and the cause submitted to the circuit judge on agreed statement of facts, and the circuit judge found in favor of the appellee, and an appeal was prosecuted here.

The appellee, having accepted and paid for a portion of the goods ordered, is bound by the contract given the salesman, even though not in writing. We think the delivery of the goods to the common carrier, the railroad company, was a delivery to the appellee. *Planters' Oil Mill Co.* v. *Falls,* 29 So. 786.

It is insisted by the appellee that the appellant after receiving the notice that the appellee would not accept and pay for the goods that the goods should not have been shipped but should have been sold and the damages would be the difference in the sale price and the contract price,. and that the appellant needlessly increased his damages by shipping the goods after such effort on the part of the appellee to cancel the order. We think the appellant had the right to ship the goods according to his contract and sue for the contract price. This seems to be settled in this state. See *American Cotton Co.* v. *Herring,* 84 Miss. 693, 37 So. 117, where this court, in dealing with a similar proposition, laid down the following rules:

"The rule seems to be settled that there are three methods of arriving at a proper measure for damages on a breach of contract of this kind: (1) The seller may complete the contract on his part and recover the contract price; (2) he may treat the contract as ended, retain the property as his own, and sue for the difference between the market value of the cotton and the contract price; (3) he may sell the property at public or private sale for the best price he can obtain, and sue for the difference between the price realized and the contract price."

It is agreed in the agreed statement of facts that the goods were worth as much at the time they were tendered as at the time the order was taken. There being no dispute as to the value of the goods, it follows that the court below should have rendered judgment for the ninety-eight dollars and forty cents, together with the interest and damages. Accordingly judgment will be rendered here for the ninety-eight dollars and forty cents, with ten per cent. damages thereon, and six per cent. interest from date of judgment in justice court.

*Reversed, and judgment here.*

### ON MOTION TO REMAND.

The appellee moves the court to set aside the order of court entering judgment here, and to remand the cause, because the appellant, pending the appeal in this case, and after the judgment of the court below, had the goods involved in the suit and tendered to the appellee removed from the warehouse of the common carrier and returned to New Orleans, and converted said goods to their sole use and benefit without the knowledge or consent of appellee. In this attitude of the case, we think it proper to sustain the motion and reverse and remand the cause.

*The motion is accordingly sustained.*