ALBERT MACKIE & Co., Limited, *v.* S. S. DALE & SONS.

[84 South. 453. In Banc. No. 21046.]

1. EVIDENCE. *In action for breach of written contract a parol waiver of a stipulation may be pleaded and proved.*

The defendant in an action for damages for the alleged breach of a written contract may plead and prove as a defense a parol agreement to waive a particular provision of the contract and a performance or offer to perform in accordance with the parol understanding.

2. EVIDENCE. *Parol evidence admissible to prove parties' assent to a substituted mode of performance.*

In a suit upon a written contract, it is competent for the defendant to introduce parol evidence to prove, not a substituted contract, but the assent of the parties to a substituted mode of performance of the original contract when performance is completed.

3. FRAUDS, STATUTE OF. *Strict performance of written contract may be waived by a parol understanding.*

Strict performance of a written contract within the statute of frauds may be waived by a parol understanding or by words and acts inconsistent with an intention to require performance. ETHRIDGE, J., dissenting.

APPEAL from the circuit court of Jefferson Davis county.

HON. J. T. GARRAWAY, Special Judge.

Action by Albert Mackie & Co., Limited, against S. S. Dale & Sons. Verdict and judgment for defendant, and plaintiff appeals. Affirmed.

*Hathorn & Rawls*, for appellant.

Whether contracts in general may be modified or rescinded by mutual parol agreement. While we do not agree with appellee in his views expressed in his brief on this question, we shall refrain from an argument on it here for the reason that it is not germain to the issue. The contract sued upon and, attempted here to be varied, or modified by parol is within the statute of frauds and the rules of law announced under the last heading of his brief do not attempt to deal with contracts coming under the statute of frauds.

The second heading is more to the point at issue between us. II. Written contracts required to be in writing by the statute of frauds may be modified by subsequent parol agreement in certain cases. Appellee's citation from 20 Cyc., par. 287, is misleading as he does not quote the entire paragraph (F).

As an illustration of oral agreements which do not in themselves constitute a contract within the statute Cyc., adds (2) to paragraph (F) quoted from by appellee which reads as follows: (2) "Agreement changing time of performance. There is considerable authority for the proposition that the time of the performance of a written contract within the statute cannot be changed by parol. It will be found, however, upon an examination of the cases that if the oral agreement is merely for a change of the time of performance, and does not, in effect, amount to a rescission of the original contract and the making of a new one within the statute, it is

valid, and, if it does in itself constitute a contract within the statute, it is valid.''

It will be noted that even those cases which hold that subsequent parol agreements are admissible, confine these agreements in every case to the performance of the original agreement, and that oral agreements which attempt to vary or modify the essential or necessary terms of the contract are not admissible.

In a great many jurisdictions time of delivery is not an essential in a contract under the statute of frauds for, say these jurisdictions, if no time is fixed in the contract, the law implies and imposes a performance within a reasonable time.

And some courts go so far as to say that the price need not necessarily be stated, as in the absence of a stated price it will be presumed that there is a promise to pay a reasonable price, and our own court has held in the case of *Willis* v. *Ellis,* 53 So. 498, that no place of delivery need be stated in the writing, since, in the absence of such stipulation, the law fixes a place of delivery. But in no jurisdiction has it ever been held that quantity is not an absolutely and necessary essential of the contract or bargain under the statute.

The great majority of our courts hold that none of the terms of a contract required to be in writing under the statute of frauds can afterwards be changed or modified by parol, after once having been incorporated into the contract, whether the terms attempted to be changed would have been essential to the contract under the statute or not, on the theory that under the statute, the contract must be written and since we must look to the written contract, we can only look to it alone, and cannot look to it and to a subsequent parol agreement changing any of its terms, and this on the theory that the very moment you look to any subsequent parol agreement changing your written contract as has not been changed by parol, and under the law this be-

comes an entirely new parol contract. In other words no contract can rest partly in parol and partly in writing, for if the parol is prior to the writing, the law says it is merged into the writing, and if it is subsequent to the writing, the writing is merged into the parol agreement. 13 C. J. page 246, par. 13.

"A written contract is one which, in all its terms, is in writing. A contract which is not entirely in writing is regarded as an oral or verbal contract." 13 C. J., page 304, par. 127.

"An agreement may be partly in writing and partly by word of mouth; such an agreement is to be treated as an oral contract." 13 C. J., page 592, par. 607. "A modification of a contract, being a new contract, a consideration is necessary to support the new agreement. As, for example, where it is intended to extend the time of performance or payment, etc." 13 C. J., page 597. Parol modification of sealed contract. "Where a contract under seal is altered by parol it becomes all parol." 13 C. J., page 596. "Where a written contract is modified verbally, the entire contract becomes an oral one."

We have examined quite a number of those cases cited by appellee under his second heading, and none that we have examined are authority for the holding of the lower court in the case at bar.

The case of Cummings v. Arnold, 37 Am. Dec. 155, merely holds that time for performance could be changed, and this holding as well as the reasons advanced by the court for the holding is condemned in a great number of decision, but see especially Ladd v. King, 51 Am. Dec. 627.

The question of the statute of frauds was neither raised nor was it an issue in the case of Bryan v. Hunt, 70 Am. Dec. 262, cited by appellee. Bank v. Davidson, 57 L. Ed., (U. S.) 1153, cited is a case involving an oral extension of time, but is not at all in point.

The case of *Boyd* v. *Kelley*, 71 So. 897, cited, is also a case of extension of time, for the payment of a note and the statute of frauds was not involved. This case, however, supports our contention that the alleged oral modification of May 26th, constitutes a new parol contract, for says Mr. Justice COOK, quoting from 7 Cyc. 898: "It is well settled that time of payment of a bill or note may be extended by oral agreement, as this does not in any way, violate the rule excluding parol evidence to contradict, add to, or vary a written contract, the evidence not being admitted for this purpose, but to prove a new agreement." Besides the note sued upon, being merely a contract for the payment of money at a fixed time, need not have been in writing in order to have been a valid contract.

The case of *Kelly* v. *Skates*, 78 So. 945, cited, throws no light on the case now before the court. In that case the court merely held that under the statute of frauds either section, 4780 or 4781, under one or both of which the case would fall, a place of sale need not be stated at all, and that "The agreement questioned was certainly not a contract for the sale of lands and was not a declaration of or a creation of any trust or confidence in any land." The deed of trust would have been good, even if silent as to a place of sale; but the contract between appellant and appellee could not be sustained if it were silent or even uncertain as to the quantity of potatoes contracted to be sold.

Now as to appellee's third heading.

III. Parties to a written contract under the statute of frauds may mutually waive provisions of the contract by subsequent parol agreement. Conceding that appellee is right in the above statement, it throws no light on the case now under consideration. It is not a question of a waiver of the statute of frauds. Appellant has certainly never waived the statute by any word or act of his. He

has insisted, all the time on his contract made as required by law, and none of appellee's citations or quotations are in point as they all point to manner of performance and not to essential terms of the contract. We respectfully submit that the case of *Swain* v. *Seamans,* cited by us in our original brief and quoted from by appellee under heading III does not hold what appellee makes it appear by his quotation that it does.

His heading IV. Where parol agreement subsequent to written contract under statute of frauds is acted upon by one party, the other party is estopped to set up the original contract and plead the statute against the parol agreement, under this heading appellee cites 20 Cyc. 308.

Appellee cites 13 C. J. 614, page 595. This paragraph reads: "Parol agreement acted upon, and in this country it is almost universally held that where a contract under seal has been rescinded or modified or altered by a subsequent parol agreement, and this new agreement has been executed, the parol agreement may be shown in an action on the sealed instrument."

In the instant case the alleged parol agreement had not been acted upon or executed. We have read carefully the case of *Smiley* v. *Barker,* 83 Fed. 684, 28 C. C. A. 9, which is relied upon so strongly by appellee and we fail to find any similarity between the holding of the court in that case and the case at bar, especially on the question of estoppel.

We discussed the case of *Lee* v. *Hawks,* 68 Miss. 669. See *Cristal Ice Co.* v. *Halliday,* 64 So. 658, 106 Miss. 714; *Johnson* v. *Tober,* 57 So. 365, 101 Miss. 78, cited by appellee in our brief in chief, and there showed the court the distinction that the statute there attempted to be pleaded was section 4775, Code, instead of the section here under consideration, and under section 4775, the contract was not void, but no action could be brought on it; and, too, in that case the verbal agreement had been executed or acted upon by both parties. *Moore* v. *McAllister,* 34

Miss. 500, deals with an executed parol contract, and with the manner of performance.

Appellee seems to give little weight to our contention that the alleged parol contract is a *nudum pactum,* because of no consideration in so far as appellee is concerned, but we still earnestly insist that there was absolutely no consideration. But waiving, for argument's sake, the question of consideration, we say that if this alleged parol agreement of May 26th can defeat appellant's action, then the statute of frauds, in so far as the sale of goods is concerned might just as well be abolished.

If appellee can show a parol modification from six cars to three cars, cannot he just as well show a modification by showing that it was agreed that he ship sweet potatoes instead of Irish potatoes? Or that it was verbally agreed that the price should be two dollars and seventy-five cents instead of two dollars and thirty-five cents and just here suppose instead of agreeing verbally, as it is alleged, appellant did not accept three cars instead of six, appellee had asked appellant to give him two dollars and seventy-five cents instead of two dollars and thirty-five cents per bushel as contracted for, stating to appellant that the market had gone up, and appellee would have to pay two dollars and seventy-five cents and appellee had agreed to give the two dollars and seventy cents; what would have been the consideration? What benefit would have followed to appellant? He would only have been agreeing to pay a greater price for a thing that appellee was bound under his contract to ship for two dollars and thirty-five cents per bushel. Under the holding of our own court as well as the great majority of the other states of the Union this would have been a *nudum pactum;* and yet this is no more a *nudum pactum* than is the alleged new oral agreement.

If a person a prudent business man, secures a contract for the purchase, or sale of goods, carefully making such a contract as is valid under the statute of frauds, and then it can be defeated by showing a new oral agreement, or even an oral modification, what is the use of requiring it to be in writing in the first place? If the contract is that A is to sell B ten bales of cotton on a certain day, and B refuses the cotton, but says that A later agreed to take hay instead, and he can hold A to the purchase of the hay, A's caution in reducing his contract to writing has been unavailing and the purpose and intention of the statute has been defeated.

*H. C. Holden,* for appellee.

1. As to entire contract becoming verbal. Appellant insists that where a written contract is motified orally, the entire contract then becomes verbal. Surely, appellant does not intend to insist on this proposition; for if the entire contract became verbal when the original contract was modified by an oral agreement over the telephone, then appellant has no standing in court, since no suit can be brought or maintained on a contract such as the one in this case for the reason that it is required to be in writing by the statute of frauds. But we take it to be the law that this rule applies only to written contracts not required to be in writing by the statute of frauds. Moreover, it is extremely doubtful whether such a rule exists only one case being cited in 13 C. J. 595, par. 615, (cited by appellant) to sustain this rule. We find the rule to be that a written contract modified orally will be upheld as a modified written contract, and we refer to our argument following:

2. As to parol modification of contract required to be in writing by statute of frauds. Appellant insists that the agreement by telephone is a new agreement and a new contract, the original contract having been

rescinded. It is there that appellee in its special pleas, plead that the original contract had been rescinded; but appellee cannot be held strictly to these pleas, but may under the general issue show that the new oral agreement was a mere modification of the old written contract. The proof showed that the original written contract was modified, not rescinded, since all of its terms save one were preserved, and this one provision was waived by the appellant, as we shall show later in this brief.

3. As to consideration for oral modification. Counsel for appellant contend that there was no consideration for the oral agreement by telephone modifying the original written contract. No new and independent consideration was necessary. The consideration consisted in the mutual waiver, mutual surrender of obligations, mutual promise of appellant and apellee.

The consideraton of a modification of an executory contract may rest in the mutual assent of the parties to the agreement . . . in mutual promises to perform, or in the performance of the new contract. 13 C. I., page 592; see, also, 6 R. C. L., page 917, par. 301. An executory contract in writing may be modified by parol without any new and independent consideration. *George v. Roberts,* 186 Ala. 521, 65 So. 345; *Dickey* v. *Vaughn,* (Ala.), 73 So. 507, L. R. A. 1915B, page 17 (collection of all authorities).

Any contract, bilateral in its advantages and obligations given and assumed, may at any time after it has been made, and before breach of it has occurred, be changed or modified in one or more of its details, by a new agreement also bilateral, by the mutual consent of the parties, without any new, independent, or distinct consideration. This is a rule of law too familiar to this court to require further citation. Cases from all the courts are collected in the note at page 17, L. R. A.

1915B, cited above, and these cases show the rule to be universal and unanimously followed.

Appellant agreed to accept three cars instead of six; appellee agreed to deliver three cars instead of six; the price and condition remained the same. Both surrendered a right one to deliver and receive the price for six cars, the other to receive the six cars. This mutual assent and waiver was sufficient consideration by itself.

Counsel for appellant conclude in their brief that the decision of this case turns upon a single proposition of law, namely, may a written contract, required to be in writing by the statute of frauds, be modified subsequently by parol agreement? And counsel confine their argument to this one issue. We agree that the decision of this point of law will determine the rights of appellee, and we shall restrict our argument to this point. We, therefore, offer argument under the following heads:

I. Written contracts, in general may be modified or rescinded by mutual parol agreement. II. Written contracts required to be in writing by the statute of frauds may be modified by subsequent parol agreement in certain cases. III. Parties to a written contract under the statute of frauds may mutually waive provisions of the contract by subsequent parol agreement. IV. Where parol agreement subsequent to written contracts under statute of frauds is acted upon by one party, the other is estopped to set up the original contract and plead the statute against the parol agreement.

## I.

Written contracts in general may be modified or rescinded by subsequent mutual parol agreement. The law is so well settled and so unanimous are the decisions on this point, that we shall content ourselves with

a citation from Corpus Juris. and the exhaustive note and collection of cases in L. R. A. 1915B, at page 32.

"A written contract may, in the absence of statutory provisions requiring a writing, be modified by a subsequent oral agreement." 13 C. J. 593, par.. 609, citing cases from all courts. Written contracts required to be

## II.

Written contracts, required to be in writing by the statute of frauds may be modified by subsequent parol agreement in certain cases.

"When the question was presented to Lord Ellenborough, he held that the time of performance of a written contract for the sale of chattels, within the statute of frauds might be enlarged by a subsequent oral agreement; that the original contract continued and there was only a substitution of different days of performance. This doctrine had been either tacitly or expressly adopted by numerous cases in this country, in which it has been held that the time of payment, or of performance of contracts, within the statute may be changed by parol, "citing cases, 3 Jones, Evidence, page 202.

"Thus where parol evidence goes to show, not a new contract, but simply a voluntary forbearance by the vendee, at the request of the vendor, as to the delivery of goods agreed to be sold, the statute, it is held, does not apply in an action by the vendee for breach of contract; and the departure by the vendor of goods from the terms of the original contract, within the statute of frauds, as to the route over which the goods are to be shipped, may be ratified by the vendee without writing; so where a vendor, under a written contract of sale of iron, of a greater value than ten pounds, voluntarily withheld delivery at the request of the vendees, no new contract being substituted for the original one, the ven-

dor is entitled to maintain an action for breach of contract." 3 Jones, Evidence, page 203, citing cases.

"If, however, a subsequent oral agreement does not in itself constitute a contract within the statute it is valid and will operate to modify the first contract; and if the original agreement, although not within the statute, is in writing, the rule is the same." 20 Cyc., page 287, citing cases from 12 states, Cases cited: 20 Cyc., 288, note 74; see, also, 29 Am. & Eng. Ency. Law, page 825, to same effect; see, also, 6 R. C. L.. page 915, par. 300.

Parties to an oil lease may subsequently agree by parol to increase or decrease the royalty provided in original agreement. *Nonamaker* v. *Amos,* 73 Ohio St. 163, 76 N. E. 949. Time of performance changed by subsequent parol agreement, where contract within statute. *Stearns* v. *Hall,* 9 Cush. 31; *Cummings* v. *Arnold,* 3 Met. 486, 37 Am. Dec. 155; *Marsh* v. *Bellew,* 45 Wis. 38; *Scheerschmidt* v. *Smith,* 74 Minn. 224, 77 N. W. 34.

It is competent for the parties to an executory written contract not under seal, within statute of frauds, to change, modify, abrogate, or rescind the contract by a subsequent oral agreement. *Bryan* v. *Hunt,* 4 Sneed. 543, 70 Am. Dec. 262; See, also, *Blumenthal* v. *Bloomingdale,* 100 N. Y. 558, 3 N. E. 292, and *Stark* v. *Wilson,* 3 Libb. 476.

Subsequent parol agreement for extension of time where time was essence of contract within statute, upheld in *Bank* v. *Davisson,* 229 U. S. 212, 57 L. Ed. 1153. Time for payment of note may be extended by oral agreement. *Boyd* v. *Kelly* (Miss.), 71 So. 897. Parol agreement to change place of sale of property where place was provided for in deed of trust, upheld as a valid agreement. *Kelly* v. *Skates* (Miss.) 78 So. 945.

We reach the following conclusion, after examination of the above cited authorities and many others on this

subject; a written contract within the statute of frauds may not, as a general rule, be modified by a subsequent parol agreement; the courts, however, show a distinct and widespread tendency to relax this rule and to allow modifications by parol where the new agreement merely changes one or more of the terms of the old and is not substituted for the original agreement; such new agreements by parol have been upheld in a greater number of cases than they have been condemned; and such new parol agreements have been allowed to stand along with the original written contract.

In the instant case, appellant and appellee mutually agreed that instead of six cars of potatoes contracted for originally, appellant would buy and appellee sell and deliver upon the same terms and conditions as provided in the written contract, three cars of potatoes. We submit that it was perfectly legal and proper for them to so verbally modify the original written contract by each surrendering rights and obligations and mutually assenting to the change.

## III

Parties to a written contract under the statute of frauds may mutually waive provisions of the contract by subsequent parol agreement. "A party to a contract within the statute of frauds has the right, if he chooses to exercise it, to waive the protection of the statute, and thereby make the contract binding. He cannot be compelled to avoid his contract, and therefore, neither the court nor a stranger to the contract, can interpose the defense of the statute for him." 29 A. & E. Enc. Law, page 811, par. 6.

"A party may so act upon a contract as to estop him from thereafter setting up the invalidity of the same under the statute of frauds. Thus, he will be held to have waived the benefit of the statute by performing,

or offering to perform, the contract on his part, or by accepting performance by the other party, or by instituting an action on the contract, and one who fails to rely upon the statute when he has the opportunity to do so cannot thereafter shield himself from liability upon that ground.'' 29 A. & E. Enc. Law, page 811, sub. par. 3. To same effect 13 C. J., page 595, par. 614; also 20 Cyc. 308.

''It is well settled that a written or sealed instrument may be varied as to time and manner of its performance, or may be waived altogether by a subsequent parol agreement, citing numerous cases. *Swain* v. *Seamens*, 9 Wall. 254, 19 L. Ed. 555 (cited by counsel for appellant); Syllabus, *Thompson* v. *Poor*, 147 N. Y. 402, 42 N. E. 13; see also, *Righetti* v. *Righetti*, 5 Cal. App. 249, 90 P. 50; *Howard* v. *Gresham*, 27 Ga. 347; *Morrill* v. *Colehour*, 82 Ill. 618; *Wulschner* v. *Ward*, 115 Ind. 219, 17 N. E. 273; *Buel* v. *Miller*, 4 N. H. 196; *Long* v. *Hartwell*, 34 N. J. L. 116; *Halsell* v. *Renfrow*, 14 Okla. 674, 78 P. 118; *Guthrie* v. *Thompson*, 1 Or. 353; *Louer* v. *Lee*, 42 Pa. 165; *Phelps* v. *Seeley*, 22 Gratt. (Va.) 573; *Kelly* v. *Skates, supra,* by this court.

While a written contract within the statute of frauds cannot, so long as it remains executory, be altered orally, yet evidence is admissible to prove an oral waiver of performance according to the terms of the contract. *Scheerschmidt* v. *Smith*, 74 Minn. 224, 77 N. W. 34. See, also, *Dennison* v. *Swayer*, 95 Minn. 417, 104 N. W. 305; *Nonamaker* v. *Amos, supra; Bank* v. *Davisson, supra; Reed* v. *McDonald*, 22 Cal. App. 701, 136 P. 506; *Thomas* v. *Hall*, 166 Me. 140, 100 A. 502; *Ross* v. *Moore*, 191 S. W. 853 (Tex.); *Eubank* v. *Bostick*, 194 S. W. 214 (Tex.).

## IV.

Where parol agreement subsequent to written contract under statute of frauds is acted upon by one par-

ty, the other party is estopped to set up the original contract and plead the statute against the parol agreement. Both text-writers and courts are practically unanimous on this question. 29 A. & E. Enc. Law, page 811, par. 1 and 3; 20 Cyc. 308; 13 C. J. 595, par. 614; 6 R. C. L., par. 358; 3 Jones, Evidence, pages 206, 208; *Smiley* v. *Barker,* 83 Fed. 684, 28 C. C. A. 9; *Swain* v. *Seamens,* 9 Wall. 254; *Dodsworth* v. *Iron Works,* 31 U. S. App. 292, 299, 13 C. C. A. 552, 554 and 66 Fed. 483, 486; Browne, St. Frauds, Pars., 424, 425; *Railroad Co.* v. *Ristine,* 40 U. S. App. 579, 582, 23 C. C. A. 10, 14, and 77 Fed. 58, 60. Page 687 of opinion; *York* v. *Washburn,* 129 Fed. 564, 64 C. C. A. 132; *Cope* v. *Williams,* 4 Ala. 362; *Stephenson* v. *Arnold,* 89 Ind. 426; *Glass Co.* v. *Mosbaugh,* 19 Ind. App. 105, 49 N. E. 178; *King* v. *Welcome,* 71 Mass. 41; *Congdon* v. *Perry,* 79 Mass. 3; *Fleishman* v. *Plock,* 44 N. Y. S. 41; *Taylor* v. *Russel,* 119 N. C. 30, 25 S. E. 710; *Johnson* v. *Mill Co.,* 29 Wash. 515, 69 Pac. 867.

In *Lee* v. *Hawks,* 68 Miss. 669, this court held that in cases within the statute of frauds an action cannot be maintained upon a contract not in writing; but in a controversy between parties to a written contract, an executed parol agreement to waive a particular provision in the contract may be shown. The issue of fact in this case is summarized in the syllabus.

In *Moore* v. *McAllister,* 34 Miss. 500, it is held that a parol agreement to accept performance of an executory contract for the sale of land at a time and in a mode different from the stipulations of the written agreement, is valid and binding on the parties. This case is directly in point. The statute of frauds was held expressly not to be a good defense. *Kelly* v. *Skates,* 78 So. 945. We submit that appellant and appellee had a perfect right to orally modify the original contract made on May 22, 1917, and such oral subsequent modification is valid and binding on both parties.

We submit that appellant and appellee had a perfect right to waive provisions of the original contract, by subsequent parol agreement on May 26th when appellant agreed to accept three cars of potatoes instead of six cars; the mutual assent to this waiver and modification constituted sufficient consideration and is valid and binding.

We submit that appellant is estopped to set up the statute of frauds against the oral agreement by telephone on May 26th. On May 26th, appellant agreed to accept three cars of potatoes instead of six as originally agreed; appellee agreed to deliver three cars at the same price and under the same conditions as originally provided. Appellee relied upon and acted upon this agreement. If on May 26th, the day the agreement was made by telephone, appellant had insisted on fulfillment of the original contract, Mr. Dale testified, and the jury believed him as against Mr. Eagan's denial, that he could have obtained six cars of the kind of potatoes contracted for, when told by Eagan appellant would insist on the original contract for six cars (June 2nd) Mr. Dale had placed himself in a position where performance of the original contract was impossible, or at least injurious. Mr. Dale had changed his position after the oral agreement on May 26th, and by June 2nd it was too late to get six cars of potatoes and fill the original contract. Appellant had no right to agree to accept three cars, thus waiving the original contract, then to repudiate this oral agreement after Mr. Dale had relied upon it and acted upon it, and appellant cannot now plead the statute of frauds against this oral agreement. Mr. Dale was willing and offered to deliver three cars in accordance with the oral agreement on May 26th, and by June 2d it was too late to get six cars of potatoes and fill the original contract. Appellant had no right to agree to accept three cars, thus waiving the original contract, then to repudiate this oral agreement after Mr. Dale had

relied upon it and acted upon it, and appellant cannot now plead the statute of frauds against this oral agreement. Mr. Dale was willing and offered to deliver three cars in accordance with the oral agreement but appellant refused to accept less than six.

We respectfully submit that the judgment of the lower court is correct and should be affirmed.

STEVENS, J., delivered the opinion of the court.

This is an action for damages instituted by appellant company for the alleged breach of a certain contract in writing for the purchase of six carloads of Irish potatoes, of four hundred bushels each, at two dollars and thirty-five cents per bushel. The declaration charged that appellee failed and refused to deliver any of the six cars, and as a consequence plaintiff was compelled to go into the open market and buy potatoes to supply the plaintiff's contracts, all at an increased price and to the total damage to plaintiff of nine hundred and sixty dollars. To this declaration appellee interposed a plea of general issue and four special pleas.

Without setting out the material averments of either one of said special pleas, it may be said generally that all the pleas set up a subsequent parol agreement whereby plaintiff agreed to accept and the defendant agreed to deliver only three carloads instead of six carloads; that the defendant, pursuant to the verbal agreement, offered to perform, and plaintiff declined to accept the three cars as performance. It appears from the facts in record that about May 17, 1917, there were negotiations by letters and telegrams, and the original contract was concluded. By the terms of the original contract appellant was to inspect and grade the potatoes and accept or reject them at appellee's place of business or shipping point. Appellant company is a corporation domiciled at Prentiss, Miss., and it would appear that

the parties contemplated that appellee expected to buy Irish potatoes from the farmers or producers in and about Prentiss and deliver them properly sacked and on board the cars at Prentiss. About four days after the contract was made Mr. John Dale, for appellee company, ascertained that in his judgment the potato crop would be short, and that his company most probably would be unable to fill its contract by June 10th, as agreed. He thereupon called the manager of appellant's produce department in New Orleans over long-distance telephone and stated his inability to deliver six cars, and the parties thereupon over the telephone, according to his testimony, agreed that appellee would deliver and that appellant would accept three cars instead of the six cars in full satisfaction or performance of the contract. The agreement over the telephone was denied by appellant, and this issue of fact was submitted to the jury, under proper instructions. The testimony further tends to show that appellee secured and offered to ship three carloads in accordance with the parol agreement, but that appellant declined to send an inspector or to receive the three carloads. There was a verdict and judgment for the defendant.

The main point relied upon by counsel for appellant for a reversal of this judgment is the contention that the original contract sued upon is within the provisions of section 4779, Code of 1906 (section 3121, Hemingway's Code); that appellant sued upon the original contract in writing, and is entitled to recover for its breach unless the defendant can show an alteration or modification in writing.

It is argued that appellee, as defendant, is in the position of pleading a new agreement, and that, unless this new agreement is in writing, it violates the statute of frauds and is void even as a defense. It is also contended that there is no consideration for the alleged new agreement.

Without prolonged discussion, we are of the opinion that the case at bar is within the rule announced by this court in *Lee* v. *Hawks*, 68 Miss. 669, 9 So. 828, 13 L. R. A. 633, wherein our court, by WOODS, J., said:

"An action may not be maintained, in cases within the statute, upon a contract not in writing; but a defense may be made by showing an executed parol agreement waiving or annulling a particular provision of the written contract. The subject is not free from difficulty, and the discussions of text-writers, and the opinions of courts in reported cases, are full of subtle distinctions and refinements; nor is the current of authority clearly bent in any direction. The views briefly advanced hereinbefore are supported by some excellent authorities, and are agreeable to reason and justice. Benjamin, in his admirable work on Sales, p. 229, states the rule with his usual clearness: 'Parol evidence to prove, not a substituted contract, but the assent of the defendant to a substituted mode of performance of the original contract, when that performance is completed, is admissible.' "

The principle thus announced is necessarily involved in the present proceeding. It is said in Reed on the Statute of Frauds, vol. 2, par. 497: "A subsequent change of a contract can be shown orally to defeat recovery on the original agreement. . . . *A fortiori* an entire rescission of a contract is provable by parol by way of defense."

Many authorities can be found supporting this general statement, while some few may deny the proposition. In the case at bar the party relying upon the subsequent parol agreement is purely on the defensive. Appellee is not seeking to compel performance, and is asking no affirmative relief at the hands of the court. The evidence which was objected to was admissible to show performance of the original written contract. There is no serious contention that appellee did not in fact

secure three carloads of potatoes and offer to ship them in accordance with all the terms of the original written contract. At the time appellant refused to accept the three cars it was impossible, according to the testimony, for appellee then to secure the other three cars. Its failure to secure the three cars is justified by the parol understanding. There is much authority to the effect that a strict performance of a written contract within the statute of frauds may be waived by a parol understanding or by words and acts inconsistent with an intention to require performance where the other party has been misled or kept from performing. It has been frequently stated that the statute of frauds may not be used to perpetrate a fraud. *Smiley* v. *Barker*, 83 Fed. 684; 28 C. C. A. 9; Reed on Statute of Frauds, vol. 2, par. 492.

The general rule that a contract required to be in writing cannot be altered or modified except by agreement in writing may be conceded. It is particularly to be noted in the present case that there is no effort to change, alter, or modify any of the terms of the contract as to quality of potato, the price, or time and place of performance. The simple contention is made that the purchaser agreed to accept one-half of the property contracted to be delivered and waive performance as to the other half. It is immaterial whether this action be termed a waiver, modification, or release. The parties acted upon the parol agreement, and, if the testimony on behalf of appellee be true, it would be very inequitable to award damages in this case.

ETHRIDGE, J., dissents.