CRAGIN v. J. S. EATON & BRO.

(Division A.    Oct. 8, 1923.)

[97 South. 532.    No. 23458.]

1. SALES. *Remedies of seller on buyer's breach stated.*
   On refusal of buyer to take cross-ties at the agreed contract price, the seller could ship the ties and sue for the contract price,

retain them and sue for the difference between the market value and the contract price, or sell them on the market for the best price obtainable and sue for the difference between the price obtained and the contract price.

2. SALES. *Seller's delivery at reduced price at which buyer offered to accept held to modify the contract.*

Where buyer refused to take cross-ties at contract price, but offered to take them at a reduced price, and told the seller that he could ship them at that price if he accepted the offer, and the seller later did ship and bill the ties at the reduced price, he thereby agreed to sell them at that price, and the original contract was modified, and when the modified contract was performed the transaction was ended.

3. SALES. *Modification of contract as to price held valid, and not without consideration.*

Where buyer refused to take cross-ties at the contract price, but offered to take them at reduced price, and the seller accepted the offer by shipping them at such price, this was not a new and independent transaction, but a modification of the old contract, and was valid and not without consideration.

4. SALES. *Modification of contract as to price held to preclude recovery for refusal to accept at contract price.*

Where buyer refused to accept cross-ties at the contract price, but offered to take them at reduced price, and the seller shipped them at that price, such modification and fulfillment of the contract precluded recovery for breach of the original contract, on theory that, as the seller could not obtain that price elsewhere, he was merely performing his obligation to sell them at the best price obtainable.

APPEAL from circuit court of Forrest county.
HON. R. S. HALL, Judge.

Action by J. S. Eaton & Bro. against B. A. Cragin, Jr. From a judgment for plaintiffs, defendant appeals. Reversed, and judgment entered for defendant.

*Davis & Hill,* for appellants.

On a breach of a contract by the purchaser, the seller has the option of doing one of three things; he may complete the contract and recover the contract price; or he

may treat the contract as ended and keep the property as his own, and sue the purchaser for the difference in the market value and the contract price; or, he may sell the property at public or private sale, for the best price obtainable, and sue for the difference between the price realized and the contract price.    The plaintiffs contend that they chose the third and last remedy, but we maintain that they not only failed to pursue the last remedy but they failed to pursue either of the remedies permitted by law.    We do not see how it could seriously be said that the sale of the ties to the defendant was a sale of the ties in the open market.

All the authorities hold that in a re-sale of the property after the buyer's refusal to accept same, the seller makes the sale of the property as the agent of the buyer, and that he is required to exercise the utmost good faith toward the buyer in making the sale, and insofar as this. is true, the seller deals with the property not as his own but as the buyer's, and before he makes a re-sale he must give him some kind of notice that he proposes to sell the property for the best price obtainable, or he must at least notify the buyer that his refusal to accept the goods is at his, the buyer's, risk and peril.    Mr. Eaton in this case did not do any of these things.    He did not deal with the property as if it were Cragin's, but he dealt with it as if it were his own when he shipped the ties and drew drafts on Cragin for the purchase price.

We respectfully submit that appellees waived any rights they may have had to insist upon and recover the amount sued for, or any other sum.    The following authorities establish the justices of these views: *Consumers Cotton Oil Co.* v. *Ashburn,* 81 Fed. 331; 52 U. S. App. 258; 26 C. C. A. 436; *U. S.* v. *Lamont,* 155 U. S. 303, 309, 15 S. C. T. 97, 99; 39 U. S. (L. Ed.) 160.

There is another reason why the case made by the plaintiff was different from that alleged.    If it be true as alleged that the sale of the ties to the defendant at the reduced price was a re-sale on the open market, then the

amount sued for by plaintiff constitutes damages. But this is not a suit for damages; it is a suit for the balance of the purchase money.

The court erred in not granting the motion of the defendant at the close of the testimony of the plaintiffs to exclude the testimony and to grant the defendant a peremptory instruction, both because of the variance and because the testimony showed affirmatively that the ties were sold to the defendant under the new agreement that the price be reduced ten cents per tie.

*T. J. Wills,* for appllees.

When the contract was breached, there were three courses the appellees could pursue to protect themselves under the terms of the contract. *American Cotton Company* v. *Herring,* 37 So. 117; *Walker Bros. & Co. Ltd.* v. *Daggett,* 76 So. 569. Appellees elected to pursue the course outlined in the third method. They did sell the ties in the market for the best price to be obtained and sued for the difference in the price realized and the contract. They found no market for the ties and no offer therefor at a price as great as that offered by appellant of ten cents less than the contract price. Appellant was a purchaser of ties, and in the market offering to buy the ties.

If appellees had sold to some other purchaser at a reduction of twenty-five cents per tie and had sued appellant for the difference of twenty-five cents per tie, appellant could have successfully defended as to the fifteen cents per tie thereof by showing the offer to purchase at a reduction of ten cents. The open market contemplates every purchaser available. The best price obtainable was offered by appellant. The law imposed upon appellees the duty of selling to that person that would pay the best price so as to minimize the damages as much as possible. Under this legal duty appellees had no other course open to be pursued than to sell the ties to appellant since the price offered by him was the best price obtainable, and

to sue for the difference between that price and the contract price. This is the course that was pursued in this case. There was no request by appellant to appellees to substitute a new contract for the old one. The notification to appellees was a breach of the contract and an offer to furnish the inspector and to purchase the ties at a reduction of ten cents below the contract price. If the offer had been to modify the contract as was contended by appellant, and it had been agreed to by appellees, the agreement would have been a *nudum pactum* unenforceable in law and would not have barred appellees from recovering the loss from the breach of the contract. If the contract has been performed on one side, a modification thereof without more would be without consideration and would not operate as a discharge. To render such an agreement for a modification effectual in bilateral contracts where performance has been made on one side, there must be a valuable consideration, supporting the new agreement to constitute a valid and enforceable contract. 3 Elliott on Contracts, par. 1857 and cases cited in footnotes 3 and 4 thereunder; 6 R. C. L., page 917, par. 301. There was no fraud perpetrated on the appellant in this case. Appellant was bound to accept the ties from appellees and to pay the contract price. By shipping them to appellant at the best price he would pay, it reduces his damage that appellees would sustain by appellant's breach of the contract below the damage that would have been sustained had they not so shipped the ties.

*Davis & Hill,* for appellant in reply.

This is a case where the facts clearly show a change or modification in the contract in one part only, and that as to price. The new agreement was substituted for the old as regards the terms only and the contract as modified has been fully performed by both parties with all its conditions and provisions. See *Sussman, Wormser & Co.* v. *Sea Food Co.,* 90 So. 116. *American Cotton Co.* v. *Her-*

*ring,* 37 So. 120, expressly holds that the seller may waive his rights to demand the full contract price.

It is manifest that appellees did not pursue the third remedy, because to have done so would have required the giving of notice by them to appellant. No notice was given of any re-sale in the open market; on the contrary the parties effected a change in the contract, and the contract as modified and charged has been fully performed by both parties, settlement in full has been made by appellant, upon drafts drawn and bills rendered by appellees over a period of several months, in accordance with the modification of the contract as to price only, and as to place place of delivery of a part of the ties, all other provisions of the original contract having been carried out and performed as originally made. No new consideration was required by law of the parties in order to make the modification binding, as it was not the abrogation of the whole contract where one of the parties had performed, but the retention and performance of the original contract modified in the one particular of price by making a small reduction therein, and by extending the place of delivery to include Summerland. *Phillip Gruner Lumber Co. v. Algonquin Lumber Co.,* 123 Miss. 157, 85 So. 191. By sections 1858 and 1864, Elliott on Contracts, 3rd Volume, it will be seen that modifications of a contract do not generally abrogate it, cancel or rescind the whole, but that all the terms of the old contract not modified by subsequent agreement stand as originally made.

HOLDEN, J., delivered the opinion of the court.

J. S. Easton & Bro., appellees, sued and recovered judgment against the appellant, Cragin, for the sum of nine hundred ninety dollars for a loss sustained by appellees in the sale of nine thousand nine hundred cross-ties to appellant, which loss was caused on account of appellant breaching his contract and refusing to accept the ties at

the price stipulated in the contract, and thereby forcing the appellees to dispose of the ties at a price of ten cents per tie less than the contract price, from which judgment this appeal is prosecuted.

Briefly stated the case is this: Cragin, the appellant, contracted to purchase ten thousand ties from the appellees at a certain price. When the ties, nine thousand, nine hundred of them, were offered to the purchaser, he refused to accept them, unless the sellers would agree to reduce the contract price fifteen cents per tie. The sellers refused to consent to the reduction, but, after a conference and discussion of the matter between the parties, the purchaser proposed to accept the ties at a reduction of ten cents per tie, and stated to the sellers that, if they would agree to those terms, instead of the terms in the original contract, that they could ship the ties, and bill them to him at this reduced price, and he would accept them. The sellers would not agree at that time to make the reduction in the price, but said that they would let the purchaser know later on.

The sellers, appellees, then offered to sell the ties on the open market for the highest price obtainable, but were unable to secure a price equal to the offer made by the purchaser, appellant, and thereupon the sellers shipped and billed the ties to the purchaser, appellant, at the reduced price offered by him. The ties were received, and the amount due for them, according to the bill, draft, and offer of appellant, was paid to the sellers. About two years thereafter this suit was filed against the appellant to recover the difference of ten cents each in the price paid by the purchaser for the ties and the price agreed in the original contract.

The suit of the appellees is grounded upon the theory that, when the purchaser breached his contract by failing to take the ties at the agreed contract price, the sellers had three courses to pursue to protect themselves under the circumstances: That they could complete the contract by shipping the ties and sue for the contract price;

or treat the contract as ended and retain the ties, and sue for the difference between the market value and the contract price; or they could sell the property in the market for the best price to be obtained, and sue for the difference between the price realized and the contract price; and that the sellers, in pursuance of the last method, offered the ties upon the market for the best price obtainable, but, being unable to sell them for as much as the appellant, purchaser in the contract, had offered for them, appellees then rightfully accepted the offer of the appellant at the ten cent reduction as being the best price obtainable on the market, and shipped them to appellant, silently reserving the right to thereafter sue the purchaser for the difference in the price received from him and the price in the original contract.

The contention of the appellant is that no recovery can be had in the case, because the original contract was modified by agreement between the parties, and that the purchase and delivery of the ties was made under the substituted agreement and there can be no claim for the difference of ten cents per tie. The statement of the law by the appellees is correct (*American Cotton Co.* v. *Herring,* 84 Miss. 693, 37 So. 117; *Walker Bros.* v. *Daggett,* 115 Miss. 657, 76 So. 569), so far as concerns the course to be pursued by the sellers when the purchaser had breached his contract by refusing to take the ties at the contract price. But it seems clear to us the sellers, appellees, enteretain an erroneous view of the facts in the case with reference to the contract acted upon, as disclosed by the testimony offered by the appellees, sellers, and the other evidence.

The testimony of Mr. Eaton, one of the appellees, shows plainly, in short, that Cragin refused to take the ties at the contract price, but offered to take them at a reduction of ten cents per tie, and instructed Mr. Eaton that, if he accepted the proposition, he could ship and bill the ties to him at that reduced price. Mr. Eaton would not accept the proposition of a reduction of ten

cents per tie at that time, but said that he would let him know later.  Later on the ties were shipped, and billed by Mr. Eaton to the appellant, Cragin, at the reduced price of ten cents per tie, as proposed by Cragin, and which Eaton was to have let him know about later on. We think, when Eaton shipped the ties at the reduced price as per the offer made by Cragin, he accepted the terms offered by Cragin, and thereby agreed to sell the ties at the reduced price, and when he so agreed the original contract was thereby modified, and when the modified contract was fulfilled the transaction between the parties was at an end.  And that is this case.  *Mackie & Co.* v. *Dale & Sons,* 122 Miss. 430, 84 So. 453.

The offer made by Cragin, the purchaser, to take the ties at a ten cent reduction, and the acceptance of the offer by the seller, Eaton, when he billed and shipped them at that price, was not a new and independent transaction between the parties, but was merely a modification of the old contract, which took its place as a substitute, and, as held by this court, the agreement between the parties in such a case is valid, and not without consideration.

If the subsequent agreement between the parties to take the ties at a different price had had no connection, and in no way was intended to alter or change the original contract, then the subsequent agreement would not be a modification or substitution of the first, and the obligation under the first would not be merged into the subsequent agreement.  But where, as in this case, the parties plainly made and accepted a new contract, modifying, and, we may say, extinguishing, the old contract, by taking its place, then the seller has no right of recovery for the loss which he agreed to suffer when he accepted the terms of the substituted contract.

We note with interest the contention of counsel for the appellees that the seller had a right, and that it was his duty, to sell the ties to Cragin at the then best price obtainable, and that appellees expected and had a right

to hold Cragin for the difference in the amount received and the contract price. But the weakness in this position lies in the fact that it was not a new sale to Cragin, disconnected from the old contract; but it was a delivery to him by agreement under the old contract, but at a reduced price of ten cents per tie. Therefore the modification and fulfillment of the contract precluded a recovery for the loss suffered by appellees on account of the breach of the original contract, for the reason the appellees agreed to suffer the loss by delivering the ties at the reduced price offered for them.

In view of these conclusions, the judgment of the lower court must be reversed, and judgment entered here for the appellant.

Reversed, and judgment here for appellant.

*Reversed.*