CHORLEY v. MILES F. BIXLER Co.

(Division B. March 31, 1930.)

[127 So. 294. No. 28513.]

**Gore & Gore**, of Marks, for appellant.

178

**E. C. Black,** of Marks, for appellee.

Argued orally by **W. E. Gore,** for appellant.

**Ethridge, P. J.,** delivered the opinion of the court.

Miles F. Bixler Company, appellee, sued the appellant, Miss Jessie Chorley, in the county court on a contract order for one hundred sixty-four dollars; a copy of the written contract being made an exhibit to the declaration. It was alleged that the goods, wares, and merchandise ordered in the said contract were delivered to the defendant on the 12th day of June, 1928; that under the said contract the defendant had the option to pay for the goods in six equal amounts, due two, four, six, eight, ten, and twelve months from date of invoice, otherwise the full amount to be due sixty days from date of invoice; that the defendant failed to exercise her option to pay said account in installments, but elected to take the sixty days; that the said sixty days had long since expired, and plaintiff demanded judgment for one hundred sixty-four dollars, with six per cent. interest.

Exhibit A to the declaration is the written order listing the assortment of jewelry, etc., ordered, amounting to one hundred sixty-four dollars. After itemizing the articles, the order reads:

"'Our Silent Salesman' No. 4, loaned for the exclusive display of 'Bixler Staple Jewelry Guaranteed.'

"Exchange service. At any time within six months, we will, upon receipt of any goods purchased from us on this order, exchange them, dollar for dollar for any goods carried in our stock.

"Warranty. If at any time, for any cause, an article purchased of us proves unsatisfactory, it must be promptly returned, and we will replace it with a new one free of charge.

"Advertising. We will mail to eighty people a personal invitation to each to call and inspect the line, names and addresses to be furnished by purchaser. Purchaser to redeem these invitations at fifty cents each in jewelry at retail. We to redeem these invitations at fifty cents each in jewelry at retail when returned to us.

"Terms of payment: Six equal amounts due, two, four, six, eight, ten and twelve months from date of Invoice. Purchaser to promptly advise acceptance of these terms; otherwise six per cent discount or net sixty days.

"Salesman has no authority to change or add to these terms except in writing on this original order which is subject to our acceptance. Not subject to countermand. Delivery to carrier is delivery to purchaser, purchaser to pay the charges, jewelry shipped by express, showcase by freight.

"The Miles F. Bixler Co.,
"Wholesale Only, Cleveland, Ohio.

"Please ship the above described goods on the above terms.

"Purchaser's signature Miss Jessie Chorley
"Date 5/16
"P. O. Sledge County Quitman State Miss.
"Express Office Station Sledge Freight office Sledge.
"Salesman W. E. Cooper          Order No. 5."

With this order was an affidavit from the treasurer of the said corporation in which it is stated that Miss Jessie Chorley is justly and truly indebted to the Miles F. Bixler Company, and that the merchandise was shipped and delivered on June 12, 1928, on the terms and conditions of the signed contract, a complete copy of which is attached hereto; that no payment had been made thereon; that the amount is due and owing from the party against whom charged; and that there are no counterclaims or set-offs to the same, etc.

The appellant pleaded the general issue, and filed a notice, under the general issue, that the appellant would introduce evidence to prove, and would prove, that the merchandise mentioned in the contract sued on had never been received by the defendant, and had been returned to, and received by, the plaintiff in the case in full satisfaction and payment of the debt mentioned in the declaration.

It appears that, after giving the order above stated, Miss Chorley sold her business to another person, and

on the 2d day of July, 1928, wrote the Miles F. Bixler Company as follows:

"I understand you have written Miss Oshia Jepsen in regard to the shipment of Jewelry that you sent me. I had Mr. Owens, agent at Sledge, to return the items that you sent. It was never taken out of Office. Do hope it was satisfactory with you for me to return the Jewelry. I wrote you several weeks ago not to ship the goods and you did it without my consent.

"I am out of business at the present. Miss Oshia Jepsen having charge of my store, but she is not responsible for my orders. Thanks.

"Miss J. Chorley."

In reply to this letter, the Miles F. Bixler Company wrote Miss Chorley on July 7th to the effect that the company would not release her from her order, and that under the contract delivery to the carrier was delivery to the purchaser, and that the sale to Miss Jepsen was invalid as to the said company under the Bulk Sales Law (Hemingway's Code 1927, sections 3335-3338), and that the company had a right to hold both the stock of goods and the defendant liable, and that they wanted no unpleasant correspondence or action in the matter, but it had been referred to their attorney, and, unless an immediate adjustment was made on the basis of the contract, suit would be instituted. Two days afterwards, the goods having been returned to Cleveland, Ohio, where the plaintiff's business was, the plaintiff took the goods and stored them in warehouses, where they remained. After the order was received, the Bixler Company shipped the goods ordered, and wrote the defendant a letter acknowledging receipt of the order, etc.

It will be observed from the contract, set out above, that there was a stipulation to the effect that "salesman has no authority to change or add to these terms, except in writing, on this original order which is subject to our acceptance; not subject to countermand. Delivery to carrier is delivery to the purchaser; purchaser to pay the charges, jewelry shipped by express, showcase by

freight.'' Following this the contract is signed by the Miles F. Bixler Company, and below that signature, "Please ship the above goods upon above terms,'' dated May 16th, and signed "Miss Jessie Chorley.'' Under the terms of the contract, the goods were shipped upon the order, which was subject to be approved by the Miles F. Bixler Company, and, under the contract, delivery to carrier, the express company, was delivery to 'the purchaser. The order was not subject to countermand, and was complete upon the acceptance and delivery of the jewelry to the carrier. The plaintiff expressly notified the defendant that they would not rescind the contract, and she would be expected to pay it. The fact that they afterwards took the returned merchandise out of the express office and stored it to save charge and expenses did not relieve Miss Chorley from the obligation to pay according to her contract.

We think this case is controlled by the principle announced in the Colt Co. v. Odom, 136 Miss. 651, 101 So. 853; American Cotton Co. v. Herring, 84 Miss. 693, 37 So. 117; Swann v. West, 41 Miss. 104; Walker Bros. & Co. v. Daggett, 115 Miss. 657, 76 So. 569. The opinion of the court below will be affirmed.

Affirmed.