**ASSOCIATES DISCOUNT CORPORATION, Plaintiff,**

v.

**SOUTHERN EQUIPMENT SALES, INC., et al., Defendants.**

**Civ. A. No. 3089.**

United States District Court
S. D. Mississippi,
Jackson Division.

April 3, 1962.

Overstreet, Kuykendall, Perry & Phillips, Jackson, Miss., for plaintiff.

Pyles & Tucker, Jackson, Miss., for defendant.

Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for defendant and third party plaintiff Glen A. Turner.

Satterfield, Shell, Williams & Buford, Jackson, Miss., for third party defendant.

WILLIAM HAROLD COX, Chief Judge.

Glen A. Turner has filed a Third Party Complaint against C.I.T. Corporation which has filed a motion to dismiss said complaint for failure to state a claim against it upon which relief may be

granted. The third party claim in the main is based upon collateral agreements of C.I.T. marked Exhibits F–N, inclusive. Effectually, C.I.T. Corporation agreed to hold Turner harmless against loss on another note and contract to Associates Discount Corporation covering the same piece of equipment, if Turner would pay C.I.T. what he owed them on its rental contract on this equipment. One monthly payment was made by Turner to C.I.T. under that agreement. When Associates Discount Corporation sued Turner on its commercial paper, the C.I.T. Corporation called on its attorney to defend the action in response to its agreement to do so. Thereafter, C.I.T.'s attorney first raised the question of invalidity of its obligation to Turner for lack of consideration. But Turner says that when he went to Memphis and handed C.I.T. the papers in the said case instituted against him by Associates Discount Corporation, that he then firmly and unconditionally agreed to make thirty monthly rental payments on this equipment and paid one of such payments at the time. Turner says that he was not previously bound to make thirty rental payments to C.I.T. The question thus posed is as to whether or not Turner agreed to do more than he was already obligated to C.I.T. to do on his contract to them.

A promise of C.I.T. to Turner to get him to do that which he was already legally bound to do would be without consideration. No variation of circumstance involving the same principle would change the rule. There is no promissory estoppel in this case such as was involved in Lusk-Harbison-Jones v. Universal Credit Co., 164 Miss. 693, 145 So. 623. C.I.T.'s collateral agreement was executory and thus like Cragin v. J. S. Eaton & Bro., 133 Miss. 151, 97 So. 532, 34 A. L.R. 508 where the contractual obligation was modified and thus fully performed and seller sued for a recovery of his loss on the original contract and the court held the agreement as performed not to be without consideration. The controlling principle involved here is illustrated in Memphis Automatic Music Co. v Chadwick, 164 Miss. 635, 146 So. 137, where the holder of commercial paper agreed to make repairs to and even take a piano back if then unsatisfactory to induce the buyer to pay a past due note and the court held such obligation invalid as being without consideration.

Oral testimony was taken on behalf of Turner on this motion and the Court is of the opinion that all of the evidence before the Court on this motion undeniably shows that this collateral obligation of C.I.T. was without consideration and is unenforceable. Such matters outside the pleadings being presented to and not excluded by the Court under Rule 12(b) and the Court being of the opinion that there is no genuine issue as to any material fact between the parties on this third party complaint and that the third party defendant is entitled to a summary judgment under Rule 56(c), a judgment to that effect may be presented for entry.