## DOWAGIAC MFG. CO. v. HIGINBOTHAM.

1. Where a buyer of merchandise without any of the grounds for rescission specified by Comp. Laws, § 3589, repudiates the contract of sale and notifies the seller not to deliver, the seller is not thereby precluded from proceeding with the performance of his part of the contract.

2. Under Comp. Laws, § 3258, providing that title is transferred by an executory agreement for the sale of personal property when the buyer has accepted the property, or when the seller has prepared it for delivery and offered it with intent to transfer the title in the manner prescribed by the statute relating to offer of performance, where a buyer without excuse refuses to accept personal property properly tendered him by the seller, the title vests in the buyer as if he had accepted it.

3. Under the express provisions of Comp. Laws, § 4590, the measure of damages for the refusal of a buyer to accept personal property, the title to which is vested in him under section 3258, by reason of a tender by the seller, is the contract price.

4. Duly authenticated copies of a corporate plaintiff's article of incorporation from the secretary of state and a county register of deeds are sufficient, in the absence of any showing to the contrary, to establish plaintiff's corporate existence and entitle it to maintain the suit.

|Opinion filed April 1, 1902.)

Appeal from circuit court, Turner county. Hon J. W. Jones, Judge.

Action by the Dowagiac Manufacturing Company against William Higinbotham. From a judgment in favor of defendant, plaintiff appeals. Reversed.

*Davis, Lyon & Gates,* for appellant.

*Alan Gogue, Jr.,* and *French & Orvis,* for respondent.

Haney, P. J. On October 25, 1898, the parties to this action entered into a contract whereby the plaintiff agreed to sell and the defendant agreed to buy certain farm machinery at an agreed price, to be delivered on board the cars at Dowagiac, Michigan, on or before February 1, 1899. On January 10, 1899 defendant sent the plaintiff the following letter: "I have canvassed among my customers on drills, and can only find one who wants a shoe drill. My customers do not think much of your disc drill; for it is made too light, and the hubs would not last a season. I have a sample shoe drill on hand, and I must ask you to cancel my order for the ten to be shipped February 1, and if my trade wants shoe drills later I can order from Sioux Falls. I must have what my trade wants, and as they want disc drills I want the best I can find"—to which plaintiff replied, on January 11th, as follows: "We are in re-

ceipt of your letter of the 10th stating that you have made a canvass and find but one customer who wants a shoe drill, and that your trade will run largely to disc drills. You further say that our disc hub is so light that it will not stand. We had some misgivings regarding a deal with you at the time we received your letter in reference to disc drill patents, etc., and are now satisfied that the difference in your disposition as between the time of making contract and of writing this letter is due to your having become interested in another make of drill than the 'Dowagiac.' We entered into the contract with you in good faith, and by so doing were enabled to make up a car load to that and adjacent points. Under the circumstances we do not feel warranted in cancelling your contract, but will let the car go forward immediately, as specified for. We instruct Mr. Porier to look after the trade there, and if you give our goods the representation which you have agreed to do by contract you will find nothing whatever the matter with the goods, either the shoe or disc drills"—and on January 14th defendant wrote the plaintiff as follows: "In reply to yours of the 11th, I will refuse the drills if you ship them. I am short one truck wheel on the sample shoe drill, and if you send the wheel I will sell all I can and order from Sioux Falls. My customers do not want shoe drills, and will not take shoe drills." Notwithstanding the correspondence the machinery was, on January 24, 1899, delivered to the Michigan Central Railroad Company at Dowagiac, for shipment according to the terms of the contract; defendant refused to receive the same; and this action was instituted to recover the contract price. At the close of all the testimony the court directed a verdict for the defendant, judgment was entered thereon, an application for a new trial was denied, and the plaintiff appealed.

It will be observed that plaintiff was notified before the machinery was shipped that it would not be accepted. In this state detriment caused by a breach of a buyer's agreement to accept and pay for personal property, the title to which is vested in him, is deemed to be the contract price. Comp. Laws, § 4590. Title is transferred by an executory agreement for the sale of personal property when the buyer has accepted the property or when the seller has prepared it for delivery and offered it to the buyer with intent to transfer the title thereto in the manner prescribed by the statute relating to offers of performance. Comp. Laws, § 3258. As it does not appear that defendant's consent to the contract was given by mistake, that it was obtained through duress, menace, fraud, or undue influence, or that there was any failure of consideration, he could not rescind without the plaintiff's consent. Comp. Laws, § 3589. The plaintiff was without fault. Defendant's notice of intention to repudiate the contract did not preclude the plaintiff from performing it on its part. The property was placed on board the cars consigned to Centerville, in this state, within the time required by the terms of the contract, where it duly arrived, and where the defendant capriciously declined to accept it. The property having been offered by the plaintiff with intent to transfer the title, in strict. compliance with the terms of the contract, title thereto vested in the defendant, notwithstanding his groundless refusal to accept, and the contract price was the measure of damages.

Defendant's contention that plaintiff's right to maintain this action was not shown for the reason that "no copy of the articles of incorporation of the plaintiff was introduced or offered in evidence" is not supported by the record. The abstract contains the following statements: "The plaintiff thereupon put in evidence exhibits 'A,' 'B,' 'C,' 'D,' and 'E,' being certificates from the sec-

retary of this state and the register of deeds of Brown county, S. D., which exhibits are attached to and made a part of this bill of exceptions. Exhibit 'E' is a duly authenticated copy of the articles of incorporation of the plaintiff." In the absence of an additional abstract these statements are conclusive. The judgment is reversed and a new trial ordered.