## SIMONOFF v. PARSONS.

No. 5789.    Opinion Filed November 23, 1915.

(153 Pac. 152.)

**SALES—Acceptance and Retention of Goods—Liability for Price.**
Where a merchant places an order for goods and on receipt of the goods opens them, and finds the quantity and quality as ordered, and retains and disposes of a portion of the goods, he thereby accepts the whole and becomes liable for the whole of the contract price, since under a sale which is entire, the purchaser cannot appropriate a portion of the goods, and reject the residue.

(Syllabus by Brett, C.)

*Error from County Court, Jefferson County;*
*B. F. Price, Judge.*

Action by Henry Simonoff against Ed. V. Parsons. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

*Nicholas & Lyle* and *N. C. Peters,* for plaintiff in error.

Opinion by BRETT, C.   This is an appeal from the county court of Jefferson county, in which court the plaintiff in error, as plaintiff, sued the defendant in error, as defendant, for $200, on account of goods sold and delivered by plaintiff to defendant.   A trial was had to the court and jury, which resulted in judgment for defendant, and the plaintiff brings the case to this court by petition in error and case-made.

The material facts are that about May 1, 1911, defendant ordered a certain bill of ladies' and misses' skirts from the plaintiff, and on May 10, 1911, wired the plaintiff: "Hold order for skirts, letter will follow to explain matters."   The plaintiff held the order until May 19th, and, receiving no further communication from the defendant, shipped the quantity and quality of goods ordered.   On receiving the goods the defendant opened them, and retained one skirt for one of his clerks, and returned the remainder to the plaintiff, saying to him, "I am keeping one skirt, No. 861, price $3.75.   Send bill."   The plaintiff refused to accept the returned goods, so notified the defendant, and demanded payment of the contract price. The defendant claims he reserved the right to countermand this order.   But, as we view the case, it is wholly immaterial whether he did or did not, since it is clear that he did not countermand, but retained, a portion of the goods upon their arrival.·   And under a well-settled rule of law, he thereby accepted the whole, and became liable for the whole of the contract price.   *Babcock et al., Respondents, v. Edmund G. Hutchinson et al., Appellants*, 4 Lans. (N. Y.) 276, is a case very much in point, and correctly states the rule of law applicable to the facts in the case at bar.   In the body of the opinion it is said:

"This is an action for goods sold and delivered. The plaintiffs are glove manufacturers at Gloversville, Fulton county, and the defendants are merchants at Phoenix, Oswego county. In July, 1869, one of the plaintiffs called at the store of the defendants and offered to sell the defendants certain qualities and quantities of gloves to be thereafter manufactured by the plaintiffs, and forwarded to the defendants. Whether a bargain was then made is in dispute, and the referee finds that the evidence does not establish that a bargain was then made. On the 30th day of September, 1869, the plaintiffs forwarded to the defendants the quantity and quality of gloves spoken of in the negotiations, and they also forwarded to the defendants, by mail, an invoice of the goods. The invoice and the goods arrived at the store of the defendants on or before October 2d. The defendants opened the package, compared the goods with the invoice, checking the same, and marked the cost on the separate packages. The evidence tended to show that the defendants were dissatisfied with the prices, and did not intend to keep the goods. They, however, retained them in their store in the original package, and did not return them to the plaintiffs or notify them of their unwillingness to receive the goods at the prices named, until the 23d of October, when they wrote the plaintiffs a letter stating that they had not ordered the goods and did not want them at the prices named, offering to keep them at a deduction of ten per cent from the invoice price, stating that if plaintiffs would not make that deduction, they (the deefndants) did not want the goods, and notifying the plaintiffs that the goods were subject to their order, and asking what should be done with them. But in the meantime at least one pair of gloves had been sold by one of the clerks of the defendants, in the ordinary course of business.  *  *  *  The referee reported for the plaintiffs for the value of the gloves, $93. We think the report of the referee was justified. Probably, under the circumstances of the case, the defendants did not use reasonable diligence in notifying the plaintiffs that they would not

take the gloves at the prices named. However that may be, it is clear that they made the property their own by assuming to sell and deliver a part of it, no matter how small. Treating it as a mere proposition for a sale, it was entire, and the defendants were bound to treat it as such. They could not undertake to appropriate to their own use a part of the property, and reject the residue. The plaintiffs had given them no such option.

"The judgment must be affirmed."

The plaintiff in the case at bar requested an instructed verdict for the plaintiff, which was refused, and exceptions allowed.

The defendant has filed no brief; and we know of no theory upon which in a new trial he would be entitled to win. And we can see no reason for prolonging this character of litigation. In *Guthrie & Western R. R. Co. v. Rhodes*, 19 Okla. 21, 91 Pac. 1119, 21 L. R. A. (N. S.) 490, it is said:

"* * * As all the defense is clearly set up in the answer and evidence, we think there is no necessity for a rehearing of the case, and under the law as we understand it, the plaintiff in this case should have judgment for the face of the note and interest, and the attorney's fees therein mentioned.

"For these reasons, the case is reversed, at the cost of the defendant in error, with instructions to the district court to enter judgment for the plaintiff in accordance with this opinion."

And we think that the ends of justice demand that the judgment in the case at bar be reversed, with directions to the trial court to enter judgment for the plaintiff for the amount sued for, and so recommend.

By the Court: It is so ordered.