Hillsborough, }
April 3, 1923. }

### FRANK X. LARIVIERE v. ISRAEL STRATTON.

One who has failed to do what was incumbent on him to do before referees could act, cannot complain of their failure to make a report.

Evidence showing the negotiations of the parties, leading up to the making of an agreement, is admissible.

A verdict will not be disturbed because of the inconsequential error of counsel in argument unless it appears that the circumstances and manner of the assertion were such as to render the trial unfair.

If there has been performance upon the part of the vendor he may stand upon the contract and sue for and recover the price agreed to be paid.

ASSUMPSIT, for breach of a written contract. Trial by jury and verdict for the plaintiff. Transferred by *Branch*, J., upon exceptions to the denial of motions for a nonsuit and a directed verdict, to the admission of evidence, to remarks of counsel and to the charge. The facts are stated in the opinion.

*Andrews & Andrews* and *Doyle & Doyle* (*Mr. Paul J. Doyle* orally), for the plaintiff.

*James A. Broderick, Louis A. Thorp* and *Warren, Howe & Wilson* (*Mr. Howe* orally), for the defendant.

PEASLEE, J. The plaintiff and defendant were partners engaged in the sale of furniture at retail, and made a written contract for a sale of the plaintiff's interest in the partnership property to the defendant. The action is to recover the agreed price.

The defendant's motion for a nonsuit is put upon the ground that the plaintiff did not comply with the contract of sale in several specified particulars. The contract provides that "Said partners shall forthwith take an inventory and appraisal of the assets of said business, the stock in trade and merchandise to be taken at the cost prices to said partnership as shown by the original bills therefor, so far as they can be found, otherwise to be determined by agreement, and in case of disagreement to be determined by Julius Stoloff."

The first proposition relied upon by the defendant is that the contract imposed the duty to take the inventory upon the plaintiff alone. A mere reading of the contract is sufficient to show the contrary. The duty rested upon both parties alike.

It is said that the provision that the inventory should be at cost, as shown by the bills, was not complied with. Upon this point there is a conflict in the evidence. According to the plaintiff's testimony, he had substantially all the bills ready for use, if desired, at the time the inventory was taken, and explained to the defendant's representative that the cost marks upon the goods corresponded with the bills. Thereupon it was agreed to take the prices from the tags upon the goods, and this was done. If this testimony was believed, it showed that the inventory corresponded to the substance of the agreement. It did not take from the defendant the opportunity to test the prices by the bills if he so desired. Its utmost effect would be to put upon the plaintiff the burden of showing that the prices given were in fact correct. *Parcher* v. *Holmes,* 68 N. H. 166. This testimony also warrants a finding that if there was here a departure from the terms of the contract, it was by agreement and therefore binding upon the parties. *Danforth* v. *Freeman,* 69 N. H. 466. The testimony of the defendant's representative, denying that the facts were as stated by the plaintiff, did not settle the matter, nor remove the question from the province of the jury.

The contract provided that the plaintiff should list and certify

the accounts payable by the firm, and also the notes payable. Some of the notes were included in the list of accounts, and it is claimed that this was a failure to perform the agreement. The contract does not specify that there should be a separate list of the notes, and it was not required. It does not appear that the defendant could have been damaged, or misled in any way, by the fact that certain notes were listed with the accounts. The names and amounts due to all creditors being truly stated, the proper basis was afforded for computing the purchase price, and the defendant was fully informed what was owing and to whom it was due.

The item of a note of the parties for $6,000, held by the defendant's wife, was not listed by the plaintiff, and this omission is relied upon in support of the motion for a nonsuit. The parties differed as to the history of this item. The plaintiff testified that the note was merely a duplicate of others held by Mrs. Stratton, and that it had no validity. If this was true, the note was properly omitted from the list of liabilities. The other version of the facts was testified to by the defendant. It appeared that shortly before the date of the note the partners hired a new store, on a fifteen year lease, and that a considerable sum was expended in fitting it up. The money for this was furnished by Stratton. He testified that $6,000 of it was borrowed from Mrs. Stratton, and that this note was given therefor. Dispute arose between the partners as to how the expense of the alterations was to be met, and the matter was referred to one Herbert and others. Certain findings were made by the referees, including the following: "4th. That said Stratton shall submit to said referees all receipts showing amounts paid by him for improvements on the remodelling of building occupied by said partnership, and that said partnership shall pay the said Stratton one-fifteenth of the amount of expenses annually from the date hereof, and also interest on the unpaid balance of said expenses." The validity and binding effect of this award are not questioned. It therefore appears that the partners agreed to the method by which Stratton was to be reimbursed for his expenditures (claimed to be over $8,200), leaving the amount to be determined by the referees in the manner indicated. The manifest result of this was to leave the $6,000 note as the personal obligation of Stratton, as between him and the plaintiff. The note having been given for money used upon the alterations, and all the money so expended being treated under the reference as furnished by Stratton, it of course left the note to be paid by him, as against the plaintiff.

The question whether the payee of the note has or has not a valid claim against both partners, is immaterial here. The present issue concerns the liabilities of the firm as between the partners. Taking the defendant's version as to the $6,000 note to be true, it was not a liability to be listed under this contract of sale. As there is no permissible view of the evidence upon which this note could be considered a liability of the plaintiff towards the defendant, all consideration of it should have been taken from the jury. Whatever was done at the trial concerning this note did not harm the defendant, and he has no ground to complain in respect thereto. This conclusion also disposes of the defendant's exceptions to certain evidence relating to the validity of the note. As the whole matter should have been taken from the jury, it follows that all evidence relating to it was immaterial to any of the issues properly in the case, as it was left by the evidence. If there was error in receiving evidence tending to deny the validity of the note, the error was a harmless one, and furnishes no ground for setting aside the verdict.

The agreement of sale contained the following provision as to the allowance to Stratton for the alterations: "4. — Said liabilities shall further include the amount due the said Stratton under and by virtue of the Fourth Article of the Findings of John Herbert, et al., Referees, dated July 9, 1920, to which reference may be had, and said referees shall determine said amount due the said Stratton to October 1, 1920." Here again it is claimed that the contract put upon the plaintiff the burden of procuring a finding from the referees. It is not necessary to consider whether the contract, taken alone, would bear that interpretation. The writing refers to the earlier findings of the referees, and those findings provide in terms "that said Stratton shall submit to said Referees all receipts showing amounts paid by him," etc. There is no pretence that he did this. The evidence upon the point is his own testimony, and contains a direct statement that he never furnished the data, and never attempted to do so. Upon this evidence but one conclusion could be reached.

As Stratton did not do what was incumbent upon him to do before the referees could act, of course they made no report. As no report was made, the amount found by such report could not be included in the plaintiff's computation. The absence of this item is due to the defendant's fault, and he cannot be heard to complain of its lack. *Famous Players Film Co.* v. *Salomon*, 79 N. H. 120, 122, and cases cited; *Pindar* v. *Upton*, 44 N. H. 358.

The question whether the defendant could have recovered the item of these expenditures by filing a set-off, or whether he may hereafter maintain a suit therefor, is not involved here and has not been considered.

The motion for a nonsuit is also urged upon the ground that there was no evidence that the plaintiff completed his part of the contract seasonably. The contract calls for a computation to be made by October 1, and for payment to be made on that date. It also calls for a certified list of liabilities. Presumably, this was to be furnished to the defendant, although the agreement does not so specify. Upon October 1, the defendant was not in Manchester, and his absence is a sufficient excuse for a failure to deliver the papers to him on that date. The plaintiff did, however, deliver to the defendant's attorney a statement of assets and liabilities, showing the amount to be paid by the defendant, and on October 5 also delivered to the defendant the detailed list of liabilities, upon which the statement theretofore delivered to the attorney was based. It is plain that this course of conduct could be found to be a substantial compliance by the plaintiff. There was no evidence and no claim at the trial of any peculiar facts making performance upon the exact date an essential part of the contract; and if such a claim could otherwise be sustained, the defendant's absence furnishes a sufficient answer thereto. There was no error in refusing to take the case from the jury.

Evidence showing the negotiations of the parties leading up to making the dissolution agreement was admitted subject to exception. The ruling followed the well-established practice, both here and elsewhere. *Weston* v. *Ball*, 80 N. H. 275, and cases cited. The use of this evidence in argument does not appear to have been improper. Among other things, the defendant charged the plaintiff with attempting a fraud in the sale, and his whole conduct in reference thereto was open to investigation and comment.

The assertion of counsel in argument that the partnership agreement gave to each partner a right to buy or sell was not in accordance with the fact. Upon objection being made, counsel added that such was his understanding of the contract (which was in evidence), and that if he was wrong the jury would correct him. The whole point of the argument appears to have been that this was a fair trade because the plaintiff offered to either buy or sell. The provision of the original contract, either one way or the other, would neither add to nor take from the weight of this argument. What-

ever error was made by counsel in this respect seems to have been an inconsequential one.. A verdict will not be disturbed on account of it, unless it appears that the circumstances and manner of the assertion were such as to render the trial unfair in fact. *State* v. *Ketchen*, 80 N. H. 112. In the present instance .the court overruled the objection.to the argument, and the defendant excepted to the ruling. The question involved in the ruling being one of fact, the defendant takes nothing by his exception thereto.

An accountant examined the statements furnished by the plaintiff, and testified that they were about $200 too favorable to the de-·fendant. Subject to exception, counsel argued that this evidence tended to show that the plaintiff was not trying to cheat the defendant. The claim that this argument tended to divert the minds of the jury from the defendant's claims of defence, if well grounded, is no cause for setting aside the verdict. The argument contained no misstatement of fact or unwarranted inference.

The remaining exceptions relate to the charge. The request that the inventory must have been taken .at cost, as shown by the bills, was given. The jury were told that unless the cost marks on the tags agreed with the bills, the inventory was not taken according to contract. The contract did not require that the price be ascertained by reading the bills, but that it should correspond therewith. Moreover the jury were told that unless the defendant's representative agreed to this method the plaintiff could not recover. Whether this instruction was more favorable than the defendant was entitled to, need not be considered. The claim that there was no evidence to sustain a finding of such agreement cannot be sustained. It was testified to by the plaintiff.

The propriety of excluding from the consideration of the jury the matters of the Herbert award and the $6,000 note have already been considered in connection with the motion for a nonsuit.

Finally it is urged that the rule of damages was wrongly stated. This is put upon the ground that the plaintiff could not recover the contract price, but only his damages for a failure to complete the sale. The plaintiff elected to treat the sale as complete, and to recover the sale price. "Assuming that the defendant's refusal to accept the goods was wrongful and a breach of the contract of sale, the plaintiffs could have elected to regard the sale at an end and have brought their action for the breach, or they could, as they have, insist upon the validity of the sale and require the defendant to conform to its terms." *Bates Street Shirt Co.* v. *Place*, 76 N. H.

448, 452. The rule here is that if there has been full performance upon the part of the vendor he may "stand upon the contract and sue for and recover the price agreed to be paid." *Blanchard & Son Co.* v. *Company*, 80 N. H. 161, 163.

In the earlier cases much was often made of the fact whether title had or had not passed as a test of the right to recover the sale price. The later cases have tended toward a disregard of that event as the criterion, and have followed the more logical rule that the terms of the contract control. "When, as here, all the conditions have been complied with the performance of which by the terms of the contract entitles the vendors to the whole sum, if the vendors afterwards have not either broken the contract or done any act diminishing the rights given them in express words, the buyer cannot by any act of his own repudiating the title gain a right of recoupment, or otherwise diminish his obligation to pay the whole sum which he has promised." *White* v. *Solomon*, 164 Mass. 516, 518. "Whether title passed or not is of no consequence in determining plaintiff's right to sue for the entire amount to be paid. . . . The right of the plaintiff to sue for the entire amount does not depend upon the vesting of title in defendants, but upon the promises of defendants contained in the contract." *National Cash Register Co.* v. *Dehn*, 139 Mich. 406.

The plaintiff sued upon a definite promise — the promise to pay. If he produced evidence to show that the time came when the defendant owed that duty, under the terms of their agreement, he established his right to recover the contract price. Looking to the terms of the contract, the right of the plaintiff to an action for the purchase price is apparent. The agreement was that after the net worth of the partnership had been ascertained "said Stratton shall pay the said Lariviere one half the difference or balance on or before October 1, 1920, and thereupon the said Lariviere shall execute and deliver to the said Stratton" a deed of sale. The agreement was that Stratton was to pay, and thereupon Lariviere was to convey. Payment was to come first, and a failure to pay gave a right to sue for the agreed price. The jury were properly instructed that the plaintiff might recover that sum.

*Exceptions overruled.*

PLUMMER, J., was absent: the others concurred.