## HANNON TAILORING CO. v. GREENBERG-KANTOR CO.

No. 14068—Opinion Filed June 24, 1924.

### Sales—"Acceptance" by Merchant Placing Goods on Shelves and Disposing of Part.

Where a merchant places an order for goods and on receipt of these goods opens them and without objection to grade or quality places the same on his shelves and sells a portion thereof, he thereby accepts the whole and becomes liable for the whole of the contract price, since under a sale which is entire a purchaser cannot appropriate a portion of the goods and reject the residue.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Carter County; M. F. Winfrey, Judge.

Action by Greenberg-Kantor Company against Hannon Tailoring Company. From judgment in favor of the plaintiff, defendant brings error. Affirmed.

Charles A. Coakley and Thos. Norman, for plaintiff in error.

Slough & Gibson, for defendant in error.

Opinion by PINKHAM, C. The defendant in error, plaintiff below, commenced this action in a justice of the peace court of Carter county, against the plaintiff in error, to recover the sum of $137.04, and interest thereon, alleged to be due it on an open account for certain merchandise sold and delivered by the plaintiff to the plaintiff in error, defendant in the trial court.

Plaintiff alleged in its complaint or bill

of particulars that on the 18th day of October, 1920, it sold to defendant, at defendant's special instance and request, a bill of merchandise on account, consisting of the following items, to wit:

| 5266 | 3 | Pr. | Pant | 6.50 | 19.50 |
|------|---|-----|------|------|-------|
| 8914 | 4 | "   | "    | 6.50 | 25.00 |
| 439  | 4 | "   | "    | 4.50 | 18.00 |
| 441  | 4 | "   | "    | 4.25 | 17.00 |
| 103  | 3 | "   | "    | 6.00 | 18.00 |
| 100  | 4 | "   | "    | 4.25 | 17.00 |
| 5278 | 3 | "   | "    | 6.50 | 19.50 |
|      |   |     |      |      | 135.00 |
|      |   |     | Postage |   | 2.04 |
|      |   |     |      |      | 137.04 |

That no part of said account was paid and the same is long past due; and prayed for judgment against the defendant for the said sum of $137.04, with interest.

The matter was heard before the justice of the peace, and resulted in judgment for plaintiff; defendant appealed to the county court of Carter county.

The cause came on for trial before a jury in the county court, and the following stipulation was entered into between plaintiff and defendant, to wit:

"It is agreed and admitted by counsel for both parties that the account attached to the bill of particulars is correct as far as the number of items sold and the price charged therefor; the only disputed points being the warranties in the sale and the character and quality of the goods sold."

At the conclusion of all the testimony in the case the plaintiff requested the court to instruct the jury to return a verdict for the plaintiff, which motion was by the court overruled; thereupon defendant requested the court to instruct the jury:

"1. That if the goods ordered were sold as wool, and cotton goods were shipped, defendant had the right to reject the shipment, if they did so as soon as they discovered that the goods shipped were not as ordered.

"2. If part of the goods shipped came up to sample and others did not, defendants had the right to reject and return those which did not come up to sample."

These instructions were by the court refused and excepted to by defendant.

Thereupon the court instructed the jury as follows:

"Where a merchant places an order for goods and on the receipt of goods retains or disposes of a portion of the goods, he must thereby accept the whole. He can't accept a portion of the goods and refuse the residue."

This instruction was excepted to by the defendant.

Thereafter a verdict was returned by the jury, in favor of the plaintiff, and fixed the amount of plaintiff's recovery at $137.04, with interest at 6 per cent. and costs of action. Motion for new trial was overruled, and the cause comes regularly on appeal to this court by the defendant.

The only assignment of error relied on by the defendant is the instruction given and the refusal of the court to give the instruction offered by defendant.

It appears the defendant ordered the merchandise in question on or about the 18th day of October, 1920, and received the same on or about the 20th day of October, 1920, and that it kept the merchandise in its store until November 5, 1920, during which time it sold a small part of the goods and returned the balance to plaintiff, and for reason therefor stated in a letter on the date of their return as follows:

"In today's parcel post, insured, we have returned to you 22 pairs of the pants you shipped us on Oct. 18th. We have disposed of the remaining three pairs of pants included in this shipment, two pair of lot No. 100 and one pair of lot No. 5266, cost of the three pairs being $15. We are enclosing cashier's check for $17.04 to cover cost of pants and transportation.

"We regret having to return these goods, but owing to the unsettled market conditions and from the fact that we have been considerably delayed in getting our Dillard store open, we are compelled to take this step. We thank you for your extension of credit and hope to be able to give you some business in the near future."

On November 8, 1920, the plaintiff acknowledged the receipt of defendant's letter, returned the check, and positively declined to accept the goods, and demanded payment of the contract price.

On the 10th of November, 1920, the defendant acknowledged the receipt of plaintiff's letter, enclosed the check for $17.04 for the second time and stated in said letter that the goods were not what the plaintiff's representative represented them to the defendant to be.

On the trial of the case one of the defendants in his testimony stated that the sample from which he purchased the merchandise in question was wool and that the articles when received were cotton, and for that reason they rescinded the contract by retaining the items that complied with the

contract and returned those that did not comply with it.

It is clearly apparent, however, that the defendants returned the balance of the merchandise to the plaintiff after keeping it in stock for more than ten days, not because of any misrepresentation as to the quality of the articles, but for the sole reason, plainly stated in their letter of November 5th, that they felt compelled to return the merchandise "owing to the unsettled market conditions," and we are further constrained to so view the matter because the defendants in their said letter express the hope of being able to resume business relations with the plaintiffs in the near future. There was certainly nothing in the first letter to the plaintiff which intimated in the slightest degree that his merchandise was being returned on account of any misrepresentation having been made with reference to the quality of the merchandise. On the contrary, the only construction to be placed upon the letter is that the merchandise was of the kind and quality called for by the contract and that the defendants appreciated the way the plaintiff had treated them in the transaction.

Can the defendants now be heard to say that the merchandise was returned because of the fraudulent acts of the plaintiff in sending them cotton instead of wool garments? We think not.

A party cannot attempt to rescind a contract on one ground and when sued on such contract deny liability on an entirely different ground. The only claim subsequently made after the refusal of the plaintiff to accept the items returned was entirely inconsistent with the reason given at the time they were returned and rendered the instruction offered by defendants inapplicable and the instruction given proper, in view of all the facts and circumstances surrounding the case.

Numerous authorities have been called to the attention of the court by the defendants in support of the proposition that this is a severable and not an entire contract, but in view of the conclusion already reached upon the other branch of the case as to the acceptance by the defendants of the shipment of the merchandise, it is not considered necessary to review these authorities after it has been determined that there was in fact an acceptance of the merchandise involved.

We think it clear, however, that the contract in this case was an entire contract and cannot be split up into a number of contracts. Simonoff v. Parsons, 52 Okla. 600, 153 Pac. 152.

For the reasons stated, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.