## MURRELL v. ADVANCE-RUMELY THRESHER CO.

No. 19264. Opinion Filed Sept. 10, 1929.

Rehearing Denied Nov. 26, 1929.

Mounts & Chamberlin, for plaintiff in error.

Massingale, Duff & Bailey, for defendant in error.

JEFFREY, C. Advance-Rumely Thresher Company, a corporation, commenced this action against R. C. Murrell to recover the sum of $1.325.29 alleged to be the balance due on a written contract or order for the sale of a carload of lubricating and cylinder oils. The contract was attached to the petition as an exhibit and, omitting a de-scription of the items ordered, is as follows:

"Advance-Rumely Thresher Co., Inc. (Incorporated)

"Order for Oils and Greases.

"Ship to R. C. Murrell, Station, Frederick, Okla., via freight at once. Terms. Sept. 1st, 1926, 5% Dis. Aug. 20, 26. Deliver at Frederick. Charge to R. C. Murrell, Frederick, Okla. We consign no goods. (Description of Oils.)

"R. C. Murrell, purchaser. J. W. French, salesman."

Defendant answered and admitted the execution of the written order and receipt of the oils, but alleged, in substance, that prior to the execution of the written order one J. W. French, who was a salesman for plaintiff, represented to defendant that said French had secured written orders from a number of customers in and about Frederick, Okla., for oils amounting to almost a carload, and that if defendant would order a few. barrels of oils so as to complete a carload and permit the entire carload to be charged to defendant, the freight rate would be materially reduced; that defendant would not be obligated to pay for the entire carload, but that defendant would only be obligated to deliver the oils covered by written orders, collect the purchase price, and remit the amount thereof to plaintiff. Defendant further alleged that said French delivered to him at said time about seven written orders for approximately seven barrels of oil, and stated that he had other written orders already executed, which would be delivered to defendant promptly. Defendant further alleged that he believed and relied upon the representations so made by plaintiff's agent and was by reason thereof induced to sign the written order for the oil; that plaintiff delayed the shipment of the oil so that when it arrived those whose written orders had been delivered to him refused to receive their part of the oil, and that no other written orders for oil by other customers were ever delivered to him. Defendant alleged that plaintiff's agent falsely and fraudulently represented to him that he had additional written orders from other customers which would consume almost all or the oil to be shipped. while as a matter of fact said agent did not have such written orders, but that said representations were made for the purpose and did induce defendant to execute the written contract sued upon. Plaintiff denied all allegations of new matter alleged in the answer. The cause was tried to a jury. Defendant, hav-

ing admitted the execution of the written contract, assumed the burden of procedure and offered his evidence tending to support the allegations of his answer. At the conclusion of defendant's evidence, plaintiff demurred to the evidence, which demurrer was sustained, and the jury instructed to return a verdict in favor of plaintiff for the balance alleged to be due on the contract. A verdict was so returned, judgment duly entered thereon, and defendant has appealed.

We will first consider defendant's assignment of error that the trial court erred in excluding evidence offered by him. The rejected evidence was that offered by defendant as a witness and Mrs. McDaniel to the effect that plaintiff's agent, French, orally agreed with defendant that if he would execute the order in order that the oil could be shipped in a carload lot, defendant would only have to pay for a few barrels to be used by him and the balance thereof would be covered by written orders from other customers, which orders French then had in his possession; that all of the said written orders would be delivered to defendant, and the only obligation that would rest upon defendant in connection with the oil, other than the few barrels which he purchased himself, would be to deliver the oil under the written orders from other customers, collect the price thereof, and forward it to plaintiff. Defendant also offered to testify that French promised that in the event there was any oil left on his hands after September 1, 1926, it could be returned to plaintiff, and defendant would not be charged therewith. The trial court admitted all evidence tending to establish fraud on the part of French in securing the written contract for the purchase of the oil. It is only that evidence which tends to show that there was a prior parol agreement, different in its terms and scope from the written agreement, which was excluded.

Defendant's position is, as will be seen from a resume of the allegations of defendant's answer, that the oil, except a few barrels, was shipped to him as agent for delivery. In so far as defendant's liability is concerned, the oral agreement pleaded amounts to no more than a consignment of goods for sale. There is neither pleading nor proof to show the exact quantity of oil which defendant actually purchased outright according to his theory. In each instance he states that he agreed to take on his own account a few barrels to complete the carload. The evidence shows that the order and shipment covered approximately 65 barrels of oil; that defendant sold this oil from time to time as his customers called for it; and that at the time of the trial, he had on hand only about 37 barrels. The evidence also shows that he did not deliver any of the oil to the customers for whom he held written orders secured from French.

It is a well-recognized principle of law that evidence for the purpose of showing that a written instrument was delivered conditionally is admissible, although the condition rest in parol. However, such evidence does not tend to show any modification or alteration of the written instrument, but that it never became operative and its obligation never commenced. Colonial Jewelry Co. v. Brown et al., 38 Okla. 44, 131 Pac. 1077. But we do not understand this to be the defense here relied on. The effect of defendant's contention is not that the contract, which he executed, would take effect and become operative upon the happening of some condition, which was orally stipulated by the parties, but that the written contract sued upon would never become a binding obligation. The contract sued upon directs that plaintiff ship to defendant at Frederick, Okla., and charge to him all of the oil at a designated price, and upon certain terms therein designated. The contract also contains in bold type, "We Consign No Goods." This appears to be an absolute contract by which defendant purchased and agreed to pay for all of the oil therein described. If defendant's position be tenable, he would be in effect admitting that he entered into a binding contract in writing, but entered into a prior oral contract different from the written contract, which prevails over the written contract wherever the provisions of the two conflict. To sustain defendant's position would permit him to contradict or vary the terms of a written instrument by parol, which is prohibited by law. Section 5035, C. O. S. 1921; Gillis v. First National Bank of Frederick, 47 Okla. 411, 148 Pac. 994; Colbert v. First National Bank of Ardmore, 38 Okla. 391, 133 Pac. 206; Duffey v. Scientific American Compiling Department, 30 Okla. 742, 120 Pac. 1088; McCaskey Register Co. v. Curfman (Ind.) 90 N. E. 323. It is situations like this that have given rise to the rule which forbids varying or contradicting the terms of a written instrument by parol, and to the adoption of section 5035, which provides that the execution of a contract in writing supersedes all oral negotiations or stipulations which preceded or accompanied the execution of the instrument.

It is next contended that the trial court erred in sustaining the demurrer to the evidence. Regardless of whether or not there is any competent evidence tending to establish the allegation that the execution of the written order was induced by fraud, there is another valid reason why defendant was not entitled under the facts of the case to rescind or repudiate the contract. The defendant testified that he sold the oil to customers as he had calls for the same through the harvesting season in 1926, and again in 1927. The entire shipment consisted of 65 barrels of oil, and at the time of trial he had on hands about 37 barrels, leaving 28 barrels which had been used or sold. This suit was begun in December, 1926, and according to defendant's testimony he continued to sell the oil until sometime in June, 1927, and as long as he had calls for the same. He also indicated by his testimony that the oil was still for sale to his customers if anyone desired it. It should here be noticed that defendant could hardly have continued to rely upon the representations which he says were made to him by plaintiff's agent at the time he executed the contract, to the effect that written orders had been given by customers for all of the oil except a few barrels, since defendant had, during June, 1927, disposed of almost one-half of the oil, and had supplied none of the customers under the written orders furnished and to be furnished by the agent. Any act of a defrauded party which recognizes the binding force of a contract, the execution of which is claimed to have been induced by fraud, constitutes an affirmance of the contract and waives the right of rescission. Upon discovery of the fraud, he may rescind and offer to restore the goods received, or he may affirm and sue for damages. However, he cannot both affirm and disaffirm. Holcomb & Hoke Mfg. Co. v. Jones, 102 Okla. 175, 228 Pac. 968; Hannom Tailoring Co. v. Greenberg-Kantor Co., 100 Okla. 113, 227 Pac. 873. One who has a right to rescind a contract must rescind in whole and not in part. He cannot keep or sell in the regular course of trade a part of the goods and return the remainder without becoming liable for the whole. Manss-Bruning Shoe Mfg. Co. v. Prince, 51 W. Va. 510, 41 S. E. 907. The act of the defendant in selling the oil from time to time is tantamount to a declaration of ownership, and constitutes an affirmance of the contract in question, and waives any right he might have had to rescind the same on account of fraud.

Defendant also presents the proposition that the trial court erred in refusing to submit the facts and evidence in the case to the jury under proper instructions. Under this proposition, counsel for defendant merely cite authorities to the effect that issues of fact shall be tried by a jury unless a jury trial is waived. We fail to see the application of these authorities. The cause was tried to a jury, but the trial court, having concluded that defendant failed to plead and prove a valid defense, sustained a demurrer to his evidence as he was required to do under the law. The judgment of the trial court is affirmed.

Plaintiff in his brief asks for judgment against the sureties upon the supersedeas bond filed in this cause. It appears from the record that, on the 8th day of October, 1927, judgment was rendered in favor of plaintiff and against the defendant for the sum of $1,325.29 with interest thereon at the rate of 6 per cent. per annum from the 1st day of September, 1926, and the costs. Thereafter, plaintiff, having perfected an appeal, filed in the cause, and which is made a part of the case-made, a supersedeas bond in the sum of $3,000, with R. W. Smith and W. F. Eady as sureties thereon. The judgment of the trial court having been affirmed, plaintiff is entitled to judgment against said sureties on said supersedeas bond. Judgment is therefore entered in this court against the sureties, R. W. Smith and W. F. Eady, on the appeal bond in the sum of $1,325.29, with interest thereon at 6 per cent. from September 1, 1926, and for costs, for which execution may issue.

HERR, DIFFENDAFFER, HALL, and LEACH, Commissioners, concur.

By the Court: It is so ordered.