(No. 5206.  November 21, 1929.)

THE GROSS MANUFACTURING CO., a Corporation, Appellant, v. FRED W. REDFIELD, Doing Business Under the Trade Name of THREE RULE STORE, Respondent.

[282 Pac. 487.]

E. M. Wolfe, A. H. Nielson, and Don J. Henry, for Appellant.

T. M. Morris, for Respondent.

BUDGE, C. J.—Some time in the year 1919, probably December, respondent's manager ordered a bill of goods to be made up by appellant, a Denver concern, and shipped to the Three Rule Store at Burley May 1, 1920. The merchandise consisted of numerous items of women's dresses and aprons. Appellant was requested in a letter dated December 31, 1919, to forward a sample of each garment listed in the order, and in a letter dated February 10, 1920, requested to ship at once, out of the same order, a number of the garments. Such advance shipments were made and payment received therefor. Then, a letter was received by appellant from

respondent's manager, dated April 12, 1920, reading as follows: "Kindly hold our order, which you have for May 1st delivery, until we order it out. Do not ship until we notify you to do so." Appellant claimed it heard nothing further from respondent by May 21st, and proceeded thereupon and later to ship the remainder of respondent's order, all of which was received by the Three Rule Store for respondent. Appellant then received a letter from respondent's manager, dated June 18, 1920, in which it was stated:

"I have just returned from a vacation of one month in California, and find that you sent the balance of our order. on May 21st, in spite of our communication of April 12th, asking that you withhold further shipment until notified.

"We are unable to use this mdse., and ask your permission to return it. Or, if you prefer, we will keep it if you are willing to make a concession in price which will make it profitable for us to do so."

Appellant replied that it could not accept a return of the merchandise, that it had been held for some time before being shipped, etc. Respondent's manager again communicated with appellant inquiring if a discount of 25 per cent would be made in consideration of the goods being retained. Other letters, written to appellant concerning the return of the merchandise, were unanswered, and on August 23, 1920, respondent's manager advised appellant that: "We are enclosing original bill of lading covering dresses we have returned, and which are covered by your invoices May 20th and June 18th, except the following which we are keeping" (items listed). A check for the price of the merchandise retained, less discount and carriage charges, was subsequently mailed to appellant but not cashed. The shipment returned by respondent was received in Denver by a trucking company and upon rejection by appellant was stored in a warehouse. This action was commenced by appellant to recover the purchase price of the entire lot of merchandise shipped to the Three Rule Store under the original order, with the exception of the two advance shipments first above referred to. Upon trial of the cause to the court and jury

a verdict was returned in favor of respondent (defendant), and this appeal is taken from the judgment entered on the verdict.

A case which seems to be on "all-fours" with the one at bar is *Simonoff v. Parsons,* 52 Okl. 600, 153 Pac. 152, wherein it appeared that defendant had ordered a bill of women's apparel from plaintiff on May 1, 1911, and on May 10th wired the plaintiff: "Hold order for skirts, letter will follow to explain matters." Holding the order until May 19th, and receiving no further communication from defendant, plaintiff shipped the goods. On receiving the goods defendant opened them, retained one skirt for one of his clerks, and returned the remainder to plaintiff, saying: "I am keeping one skirt, price $3.75. Send bill." Plaintiff refused to accept the returned goods, so notified defendant, and demanded payment of the contract price. The court said:

"The defendant claims he reserved the right to countermand this order. But, as we view the case, it is wholly immaterial whether he did or did not, since it is clear that he did not countermand, but retained, a portion of the goods upon their arrival. And under a well-settled rule of law, he thereby accepted the whole, and became liable for the whole of the contract price."

In support of its position the Oklahoma court quoted extensively from *Babcock v. Hutchinson,* 4 Lans. (N. Y.) 276, which, to condense the facts, showed negotiations for the sale to defendants of a quantity of gloves, later delivered to defendants together with invoice therefor. The package was opened by defendants, and the goods compared and checked with the invoice. It appeared defendants were dissatisfied with the prices and did not intend to keep the goods, but kept them for some time before notifying plaintiffs to that effect, then indicating they would retain them at a deduction of 10 per cent from the invoice price. In the meantime, however, one pair of the gloves had been sold by the defendants, in the ordinary course of business. In accepting and confirming a report of a referee finding for plaintiffs for

the value of the gloves, the court said, in summing up the proposition:

" . . . . It is clear that they (defendants) made the property their own by assuming to sell and deliver a part of it, no matter how small. Treating it as a mere proposition for a sale, it was entire, and the defendants were bound to treat it as such. They could not undertake to appropriate to their own use a part of the property, and reject the residue. The plaintiffs had given them no such option."

The reasoning and holdings of the cases referred to may justifiably be applied to the facts before us. There is not a sufficient showing of cancelation of the contract, and by acceptance of the shipment and retention of a considerable part thereof respondent must be held to an acceptance of the whole. In such circumstances the property in the goods passed to the buyer, entitling the seller to maintain an action for the price, under C. S., sec. 5735, subd. 1. Fraud, or misrepresentation, or other legal ground for rescission is not pleaded or attempted to be proved, nor is it contended that appellant assented to any rescission. Cancelation or repudiation must be positive and certain. (Williston, Contracts, sec. 1324.) But the buyer could not be relieved from the contract by an attempted cancelation, for, until the seller should agree, the contract and its terms were binding on the buyer. Even if it can be said there was a cancelation, such position might thereafter be receded from and the seller permitted to perform. On the record it conclusively appears that the buyer did recede from the position with reference to the pretended cancelation. Appellant did not assent to such attempt, but carried out its part of the contract and shipped the merchandise. Notwithstanding respondent's supposed desire to withhold performance, the goods were appropriated and accepted, and an effort made to get appellant to consent to a reduction in the price. "It is the duty of the seller to deliver the goods and of the buyer to accept them, in accordance with the terms of the contract to sell or sale." (C. S., sec. 5713.) Upon delivery of the goods, the acts and conduct of the buyer in relation to them was inconsistent with

the ownership of the seller, deemed an acceptance. (C. S., sec. 5720.) The goods were appropriated to the contract, the property in the same thereupon passing to the buyer. (C. S., sec. 5691, Rule 4, subd. 1.) · Under such circumstances, as previously indicated, the seller might maintain an action for the price, as was done. (C. S., sec. 5735, subd. 1. See *Dowagiac Mfg. Co. v. Higinbotham,* 15 S. D. 547, 91 N. W. 330; *Walker Bros. & Co. v. Daggett,* 115 Miss. 657, 76 So. 569; *Lewis v. Scoville,* 94 Conn. 79, 108 Atl. 501; *Cragin v. J. S. Eaton & Bro.,* 133 Miss. 151, 34 A. L. R. 508, 97 So. 532; *South Bend Woolen Co. v. Jacob Reed's Sons,* 273 Pa. 140, 116 Atl. 805; *Bailey v. S. & H. Infant Wear Co.,* (Del.) 129 Atl. 863; *James River Lumber Co. v. Smith Bros.,* 135 Va. 406, 116 S. E. 241; *Kawin & Co. v. American Colortype Co.,* 243 Fed. 317, 156 C. C. A. 97; *Birdsong v. W. H. & F. Jordan, Jr.,* 297 Fed. 742; *Dunaway v. J. B. Colt Co.,* 26 Ga. App. 554, 106 S. E. 599; *Turner Looker Liquor Co. v. Hindman,* (Mo. App.) 232 S. W. 1076, Id., 298 Mo. 61, 250 S. W. 388; *Lariviere v. Stratton,* 81 N. H. 17, 120 Atl. 846; *Bowden v. Southern Rock Island Plow Co.,* (Tex. Civ. App.) 206 S. W. 124.)

The verdict is not supported by the evidence. The judgment is reversed, with directions to the trial court to enter judgment for appellant for the amount sued for. Costs to appellant.

Givens, Wm. E. Lee and Varian, JJ., concur.

T. Bailey Lee, J., disqualified.