(No. 5273. February 15, 1930.)

TWEEDIE FOOTWEAR CORPORATION, a Corporation, Appellant, v. ROBERTS–SCHOFIELD COMPANY, a Corporation, Respondent.

[285 Pac. 476.]

Harmon E. Hosier, for Appellant.

W. W. Mattinson, for Respondent.

BUDGE, J.—Respondent placed two orders with appellant's salesman October 11, 1925, for the manufacture, sale and delivery to it of two lots of shoes. The orders were forwarded to appellant by the salesman, who instructed his principal that they were not to be "cut" (manufacture commenced by actually cutting the leather necessary for making up the shoes) until confirmed by the buyer, respondent. A letter followed from respondent confirming the orders, and stating, "we want No. 553 to come same as scheduled on order in 5 to 7 weeks, but we want order

No. 554 to come on Dec. 1st instead of Dec. 10th." The orders were prepared to be manufactured but several days' time was lost because of re-arrangements in the original specifications made necessary by a request from respondent, received several days after the orders, to change the widths of some of the shoes. The shipment went forward to respondent December 12, 1925, by express. December 16, 1925, respondent wired appellant: "Shipment late cannot use unless longer dating answer." Appellant replied, acceding to the request for extended dating of the invoice. When the shipment was received by respondent upwards of a hundred pairs of shoes were removed from the cases and the balance returned. The shoes were manufactured especially for respondent and its trade name embossed in each pair.

The cause is here on appeal from a judgment in favor of appellant for the price of the shoes retained by respondent. The question is whether respondent is liable only for such amount or for the price of the entire lot ordered and shipped. A similar proposition was but recently before this court in *Gross Mfg. Co. v. Redfield, ante,* p. 399, 282 Pac. 487, wherein the buyer was held to be liable for the price of the entire amount of merchandise ordered, after receiving the same, retaining a part and returning the balance to the seller. Reference is made to the opinion in that case for a discussion of the principle involved.

It is the contention of respondent in the instant case that the orders were given to the salesman with the understanding that if any of the shoes could not be used they might be returned. The testimony of respondent's witness in this behalf is uncorroborated and denied by the salesman and appellant's secretary. If it be assumed that such representation was in fact made by the salesman, we may borrow the language of the supreme court of Kansas in *Bauman v. McManus,* 75 Kan. 106, 89 Pac. 15, 16, 10 L. R. A., N. S., 1138, in saying "there is nothing in the record to suggest that the agent who took the order had or assumed to have any authority to bind the house which

he represented beyond that implied from his being a commercial traveler in its employ.'' In the case of a traveling salesman, it is the general rule that he has no ostensible or implied authority to make a binding contract of sale, without the approval or acceptance of his principal. The extent of his authority is merely to solicit orders and transmit the same to his principal for acceptance. (24 R. C. L., p. 389.) The acceptance of the orders by appellant indicated no assent nor made any reference to the statement claimed to have been made by the salesman as to the option of returning a portion of the shoes after their manufacture and delivery. As inferable that any such representation would require acceptance and consent by appellant is the printed statement on the orders that ''prices on any shoes sold different from sample subject to acceptance by Tweedie Footwear Corporation.'' Certainly the corporation would be expected to reserve the right to give its acceptance to any representation whereby the purchaser could place a large order for shoes to be manufactured especially for it, according to its particular specifications, with its trade name stamped in each, and thereafter upon their delivery be allowed to select from the entire lot less than one-fifth of the quantity ordered, as did respondent. Not only does it appear upon the whole record to be inherently improbable that appellant would suffer its traveling salesman to make any such representation as claimed, with so devastating results to it; there are other considerations in the case which are persuasive that the verdict is without sufficient support as a matter of law.

After the orders were received by appellant and it had prepared to manufacture the shoes according to specifications, respondent requested a change in the widths of some of the shoes, compliance with which caused delay in filling the orders. ''The parties may by agreement, express or implied, extend the time for delivery, and where the seller agrees to manufacture articles according to certain specifications and deliver them within a certain time and at

the request of the buyer agrees to changes in the specifications this request implies a reasonable extension of time rendered necessary by the changes. The buyer may also waive a default on the part of the seller in the delivery or shipment of the goods within the required time and that too without rescinding or doing away with the contract, and where time of delivery has been waived, the buyer cannot justify his subsequent refusal to accept a tender of the goods on the ground of the seller's failure to make delivery in the specified time, and such a waiver may be implied from the conduct and acts of the buyer. . . . . The acceptance of the goods by the buyer after the time for delivery is a waiver of the seller's failure to deliver in the required time in so far as the seller's right to recover the price is concerned." (23 R. C. L., p. 1374, sec. 197; R. C. L., Perm. Supp., pp. 5392, 5393, and cases cited.)

When the shoes were not delivered per the original schedule, the delay, as above stated, having been caused by change in the specifications requested by respondent, which fact could be taken as a reasonable extension of time or waiver of failure to make delivery in the time specified, respondent wired appellant to the effect that the goods would not be accepted unless longer dating be made on the invoice. Acceptance of this offer on the part of appellant by acceding to the request for an extended dating of the invoice was not only evidence of complete waiver by respondent of the failure to deliver the shoes. according to what was first intended, but constituted a new contract whereby respondent at once condoned the lateness of the shipment and agreed to accept the merchandise when delivered. Therefore, the receipt of the shipment by respondent, opening the packages and retaining a portion thereof constituted a binding acceptance of the whole within the provisions of C. S., sec. 5720. As stated in *Gross Mfg. Co. v. Redfield, supra:* "The goods were appropriated to the contract; the property in the same thereupon passing to the buyer. (C. S., sec. 5691, Rule 4, subd. 1.) Under such

circumstances, . . . . the seller might maintain an action for the price, as was done.'' (Citing authorities.)

The cause is remanded, with directions to the trial court to enter judgment for appellant in the amount sued for; costs to appellant.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.